**Charles Ben HOWELL, Plaintiff–Appellant,**

**and**

**Ken E. Mackey, Appellant,**

**v.**

**The SUPREME COURT OF TEXAS, et al., Defendants–Appellees.**

**No. 89–1032**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 11, 1989.

Rehearing Denied Nov. 8, 1989.

Charles Ben Howell, Dallas, Tex., pro se.

Ken E. Mackey, Austin, Tex., pro se.

Melvyn Carson Bruder, Dallas, Tex., for Charles Ben Howell.

Edmund R. Wood, Chancellor & Wood, Dallas, Tex., for Stewart Title Co.

David R. Richards, Richards, Wiseman & Durst, Austin, Tex., for Mauzy.

Gary L. Bledsoe, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for Supreme Court of Texas.

Jennifer Burr Altabef, Robert T. Mowrey, Dallas, Tex., for U.S. Home Corp. & Homecraft Land.

Peter L. Harlan, Asst. Dist. Atty., Dallas, Tex., for Long.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Charles Ben Howell brought this § 1983 action seeking declaratory and injunctive relief. The district court concluded that Howell had already litigated his claims in state court and dismissed for lack of jurisdiction. The district court assessed attorneys' fees and expenses against Howell and his attorney as Rule 11 sanctions.

In this appeal, Howell asserts that the district court erred in concluding that it did not have jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, Howell argues that the court should have exercised jurisdiction because the state court proceedings failed to comply with the fundamental requirements of due process and the results of those proceedings were therefore void and subject to collateral attack. Finally, Howell and his attorney argue that the district court should not have imposed Rule 11 sanctions.

## I.

This action arises out of Texas state court proceedings in which Howell, as plaintiff, suffered an adverse jury verdict and judgment. A jury finding that Howell brought his Texas Deceptive Trade Practices Act claims in bad faith resulted in the awarding of attorneys' fees to the defendants. Howell appealed the judgment to the Fifth District Court of Appeals of Texas. Because Howell was a judge on that court, the normally seated judges recused themselves. A specially appointed panel was convened and affirmed the judgment

and imposition of attorneys' fees against Howell.

Howell next applied to the Texas Supreme Court for a writ of error. In connection with that application, Howell filed a motion requesting that each of the justices recuse themselves, or in the alternative, be disqualified. Howell's motion was accompanied by an affidavit that he claimed indicated either that the justices "harbor[ed] a personal bias or prejudice toward" Howell or "that the impartiality of ... [the] justices might reasonably be subject to question." Howell based his recusal/disqualification motion on Rule 15a[1] of the Texas Rules of Appellate Procedure and on the due process clause of the Fourteenth Amendment. Howell's motion further provided:

> In this connection, petitioner would show that R.15a(1) sets forth the standards for the withdrawal from a case of a judge or justice pursuant to the disqualification or recusal provisions of the Texas Constitution, Art. V, sec. 11, whereas R.15a(2) undertakes to set forth the standards for recusal or disqualification of judges pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Insofar as the said rule purports to establish less onerous requirements for an offended party to secure recusal or disqualification grounded upon the State Constitution than the requirements imposed in order to secure recusal or disqualification grounded upon the Constitution of the United States, said Rule 15a is unconstitutional as repugnant to the Due Process and Equal Protection Clauses of the United States Constitution. If such be necessary, petitioner challenges

the said R.15a on the grounds of invidious discrimination.

The Texas Supreme Court denied Howell's motion to recuse or disqualify. A subsequent motion seeking the recusal or disqualification only of the chief justice was also denied. The court then denied Howell's application for writ of error and his motion for rehearing.

Howell eventually filed a petition for writ of certiorari in the United States Supreme Court seeking review of the Texas Supreme Court's denial of his motion to recuse or disqualify. In his petition, Howell alleged that the denial of his motion violated his constitutional right to due process of law. The Supreme Court denied the petition.

In the present action, which Howell initiated prior to filing his certiorari petition, Howell asserts two grounds for relief. First, Howell challenges the constitutionality of Rule 15a of the Texas Rules of Appellate Procedure.

> 22. The said Rule 15a is unconstitutional as repugnant to Section 1 of the Fourteenth Amendment to the Constitution of the United States in that it purports to establish less onerous requirements for an offended party to secure the removal of an appellate judge from his case grounded upon the provisions of the Texas Constitution, Article V, Section 11 than when the removal is sought pursuant to the Constitution and Laws of the United States.

> 23. The aforesaid classification that said Rule 15a attempts to establish is unconstitutional and void. Inasmuch as Defendant justices attempted to act pursuant to such classification and purport-

---

1. Rule 15a provides:

    **(1) Disqualification.** Appellate judges shall disqualify themselves in all proceedings in which:

    (a) they have served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law (except in the context of a district or county attorneys office) served during such association as a lawyer concerning the matter; or

    (b) they know that, individually or as a fiduciary, they have an interest in the subject matter in controversy; or

    (c) either of the parties may be related to them by affinity or consanguinity within the third degree.

    **(2) Recusal.** Appellate judges should recuse themselves in proceedings in which their impartiality might reasonably be questioned, including but not limited to, instances in which they have a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Tex.R.App.P. 15a.

ed to act pursuant to the classification more onerous to Plaintiff, the acts of the said justices in refusing to remove themselves from Plaintiff's case was and is unconstitutional and void. If such be necessary, Plaintiff pleads the said Rule as containing an invidious classification against the Plaintiff.

Second, Howell asserts that the state court judgment is void and subject to collateral attack. In substance, his claim is that the justices' refusal to recuse themselves was a due process violation.

25. It has been a well settled principle at least since *Pennoyer v. Neff,* 95 U.S. 714 [24 L.Ed. 565], that any judgment entered in a manner that fails to comply with fundamental due process principles is void and may be collaterally attacked in another court, either state or federal. On account of the lack of fairness and impartiality, both in fact and in appearance, all pleaded herein, the judgments and orders of the Texas Supreme Court were entered in violation of fundamental due process concepts. The same are void, or alternatively, are not immune from collateral attack.

The district court noted that these bases for relief were the same as those Howell asserted in his state court action and held that the only permissible means of challenging the state court disposition in a federal forum was by appeal or writ of certiorari in the Supreme Court. Accordingly, the court dismissed for lack of jurisdiction.

## VII.

Federal district courts have no authority to review the final determinations of a state court. Review of such determinations is only available in the United States Supreme Court on direct appeal or by writ of certiorari. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 296, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970). This principle has been well established since 1923, when in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44

S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held:

Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment [of a state's highest court that decided federal constitutional issues]. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

*Id.* at 416, 44 S.Ct. at 150 (citations omitted). More recently, this court held that a party " 'aggrieved by a judicial decision of a state's highest court [may not] invest a lower federal court with ... jurisdiction by clothing his or her grievance in the garb of § 1983 and alleging that the decision of the state court deprived him or her of constitutionally protected rights or interests.' " *Carbonell v. Louisiana Dep't of Health & Human Resources,* 772 F.2d 185, 188 (5th Cir.1985) (quoting *Dasher v. Supreme Court of Texas,* 650 F.2d 711, 714–15 (5th Cir.), *rev'd on other grounds,* 658 F.2d 1045 (5th Cir.1981)).

■ All parties to this proceeding agree that Howell presented the claims he raises in this proceeding to the Texas Supreme Court and that the court decided those claims against him. The precedents cited above indicate that Howell's only means of challenging the state court's rulings was by writ of certiorari in the United States Supreme Court. Howell did in fact apply for a writ of certiorari alleging a violation of the due process clause, and that writ was denied. Howell may not now reopen his challenge in a new proceeding in federal district court.

Howell, however, asserts that this proceeding comes within an exception to the line of cases prohibiting federal district court review of a state court's final decision. In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court recognized a distinction between a challenge in a particular case to a state court's interpretation and application of a rule or statute and a general challenge to the constitutionality of the rule or stat-

ute. Applying that distinction in *Feldman,* the Supreme Court held that although the plaintiffs could not challenge in federal district court the District of Columbia Court of Appeals' final judgment in a bar admission case, the plaintiffs could challenge the validity of a state bar admission rule. *See Feldman,* 460 U.S. at 483–87, 103 S.Ct. at 1315–17. Howell asserts that he is mounting a general challenge to Rule 15a of the Texas Rules of Appellate Procedure and that his claim in federal court comes within the *Feldman* exception to the *Rooker* line of cases. We disagree.

In *Feldman* the plaintiffs in the federal district court had not raised the constitutional challenge to the bar rule in the District of Columbia Court of Appeals.[2] As the district court in the present case noted, this case differs in that Howell did present both his constitutional challenge to Rule 15a and his due process concerns to the Texas Supreme Court. The *Feldman* exception does not apply when a constitutional claim has already been decided by the state court. The Court in *Feldman* noted:

> Challenges to the constitutionality of state bar rules ... do not *necessarily* require a United States district court to review a final state-court judgment in a judicial proceeding.... United States district courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, *which do not require review of a final state-court judgment in a particular case.*

*Feldman,* 460 U.S. at 486, 103 S.Ct. at 1316 (emphasis added). Because Howell did raise his claim in the state court, allowing a new challenge in federal district court would necessarily require review of a final state court judgment. The *Feldman* analysis does not allow federal court adjudication in this case.

Howell argues that the litigation in state court of a general constitutional challenge to a state court rule does not prevent a party from raising the same challenge in a later federal court proceeding. Howell's analysis is erroneous, as the previous discussion indicates. Further, *Feldman* also precludes litigation of a constitutional claim that, although not explicitly raised in a state proceeding, is "inextricably intertwined" with a state court decision. *See Feldman,* 460 U.S. at 482 n. 16, 103 S.Ct. at 1314–15 n. 16. Although Howell frames his claim in this proceeding as a challenge to Rule 15a, the substance of the claim is that the justices' interpretation of the rule and refusal to recuse themselves under it violated Howell's due process rights. The due process issue was explicit in Howell's motion to recuse and was necessarily rejected by the justices in denying his motion. Howell's challenge in this proceeding thus is inextricably intertwined with the Texas Supreme Court's denial of his recusal/disqualification motion, and this challenge is prohibited. *See Phinizy v. Alabama,* 847 F.2d 282, 284 (5th Cir.1988).

As an alternative ground of jurisdiction, Howell asserts that the district court could adjudicate his claims because the state court judgment was void for want of jurisdiction. Howell explained his argument in "Plaintiff's Preliminary Injunction Brief" filed in the district court.

A judgment that fails to comply with the fundamental requirements of due process is a void judgment and it may be attacked in any forum where its validity may be drawn in issue. This has been the rule, at least since *Pennoyer v. Neff,* 95 U.S. 714 [24 L.Ed. 565] (1878).

It is well established, at least in Texas, that the judgment of a disqualified judge is wholly void, of no effect and subject to collateral attack. The attempt by the state court to withdraw from this rule those disqualifications arising under the United States Constitution, as opposed to those arising under the state constitu-

---

2. Howell suggests that the constitutional challenges were in fact presented to the District of Columbia Court of Appeals. A close reading of the case, however, indicates that although counsel for Feldman did raise the constitutional con-

cerns in a letter to the court, Feldman did not ask that court to invalidate the bar admission rule in question. *See Feldman,* 460 U.S. at 465–70, 475, 103 S.Ct. at 1305–08, 1311.

tion, is in violation of the Fourteenth Amendment.

It follows that the federal court has subject matter jurisdiction to proceed to the merits of the alleged disqualification and to enjoin the enforcement of the judgment in issue until Plaintiff has been afforded appellate review before a tribunal not disqualified to hear the appeal.

Howell's explanation of his jurisdictional theory clearly indicates that he is merely asserting another variation of his contention that the Texas Supreme Court justices' refusal to recuse or disqualify themselves rendered the state court proceedings violative of the due process clause. Again, this contention was clearly presented to and rejected by the justices and then presented to the United States Supreme Court by petition for writ of certiorari. Howell may not now renew his challenge in federal district court. To permit such a challenge would be to permit the type of review the Supreme Court rejected in *Rooker, Atlantic Coast Line*, and *Feldman*.

The cases Howell cites in his brief in support of his jurisdictional theory are not to the contrary. A majority of those cases involve proceedings in which the due process challenge was raised for the first time in a collateral attack on a judgment entered by a court without jurisdiction over the person suffering the adverse judgment. The remainder involve other due process challenges raised for the first time on collateral attack. Here, Howell was subject to the jurisdiction of the Texas Supreme Court, he did raise his due process challenge, and it was resolved against him. He may not again assert his challenge in this collateral proceeding.

### III.

Howell and his attorney challenge the district court's imposition of attorneys' fees and expenses as Rule 11 sanctions. In its order dismissing the case, the district court gave three justifications for the imposition of sanctions. First, the court found that by filing a suit over which the court did not have jurisdiction, "Howell and his attorney violated Rule 11 by filing a suit

which does not embody existing legal principles or a good faith argument for the extension, modification, or reversal of existing law." Second, the court concluded that Howell brought the action for purposes of harassment and delay. Finally, the court concluded that Howell's motion for an injunction against execution of the state court judgment did not "embody existing legal principles or a good faith argument for the extension, modification, or reversal of existing law, at least to the extent that it contend[ed] that Plaintiff will suffer irreparable harm in the absence of an injunction."

We review the imposition of sanctions under an abuse of discretion standard. *See Thomas v. Capital Sec. Serv.*, 836 F.2d 866, 871–73 (5th Cir.1988) (en banc). The district court detailed the basis for the imposition of sanctions in the order of dismissal. Given our conclusion on the jurisdictional issue and the history of this litigation as set forth in the district court record, we conclude that the district court did not abuse its discretion.

AFFIRMED.