**Daniel R. WILEY, Plaintiff,**

v.

**SUPREME COURT OF the STATE OF COLORADO, et al., Defendants.**

**Civ. A. No. 92–C–1326.**

United States District Court, D. Colorado.

Aug. 31, 1992.

Daniel Wiley, Colorado Springs, Colo., for plaintiff.

David Feola, Asst. Atty. Gen., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

*Pro se* plaintiff Daniel R. Wiley commenced this action contending that Colo. R.Civ.P. 241.24(a) violates his rights under the First and Fourteenth Amendments to the United States Constitution. He requests that this court declare Rule 241.24(a) unconstitutional, enjoin defendants from enforcing that rule, grant him a new state-court trial, and award him his costs and attorneys' fees. Defendants, the Supreme Court of the State of Colorado, its Chief Justice Luis D. Rovira and Justices Joseph R. Quinn, William H. Erickson, George E. Lohr, Howard M. Kirshbaum, Anthony F. Vollack, and Mary J. Mullarkey; and the Grievance Committee of the Supreme Court of Colorado, its Chair David L. Wood, and Vice–Chairpersons Vicki J. Braunagel and Michael E. McLachlan, have filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has responded by opposing the motion.

The issues have been fully briefed and oral argument would not materially facilitate the decision process. Plaintiff alleges that jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(a)(3).

## A. *Factual and Procedural History.*

Wiley filed a grievance against a Colorado attorney that resulted in a letter of admonition to that attorney. Thereafter Wiley received a letter from the Colorado Supreme Court Grievance Committee informing him that he was not at liberty to discuss the grievance committee's investigation or its outcome, and that to do so would be a violation of Colo.R.Civ.P. 241.24 that could subject him to punishment for contempt.

Rule 241.24(a) provides that any individual who receives notice that an admonition or private censure has been imposed upon an attorney is forbidden from disclosing that information to anyone, except by order of the Colorado Supreme Court.

Wiley subsequently brought an action against Piranha Properties and Richard Hadley in the state district court for El Paso County, Colorado. Prior to trial, Wiley filed a petition with the Colorado Supreme Court pursuant to Rule 241.24(a) seeking leave to disclose the grievance and the resulting disciplinary action while examining the Colorado attorney who was the subject of the above grievance. Wiley did not raise a constitutional challenge to Rule 241.24(a) in the petition. The Colorado Supreme Court denied the petition. Defendants Piranha and Hadley prevailed at that trial.

Wiley then appealed to the Colorado Court of Appeals, raising a constitutional challenge to Rule 241.24(a). The Court of Appeals transferred the appeal to the Colorado Supreme Court because of the constitutional challenge. The Colorado Supreme Court dismissed with prejudice Wiley's constitutional challenge to Rule 241.24(a) for failure to file a transcript of the trial court proceedings as required by Colo.App.R. 10(b). Wiley did not file a petition for writ of certiorari in the United States Supreme Court, rather he commenced the instant action.

## B. *Motion to Dismiss.*

Defendants contend that this action is a collateral attack on a final decision of the Colorado Supreme Court and therefore this court lacks subject matter jurisdiction over the plaintiff's claims.

■ It is well settled that a federal district court has no jurisdiction to review a final judgment of a state court in judicial proceedings. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1314, 75 L.Ed.2d 206 (1983); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 (10th Cir.1986). Such review must be sought in the United States Supreme Court. *Id.* both cites; 28 U.S.C. § 1257.

In *Feldman,* however, the Supreme Court recognized a distinction between a challenge to a state court's application of a rule or statute and a general challenge to the constitutionality of the rule or statute. The Court there held that although the plaintiffs could not challenge in a federal district court the final judgment in a bar admission case, they could assert a general challenge to the constitutional validity of the bar admission rule. *Feldman,* 460 U.S. at 483–87, 103 S.Ct. at 1315–17.

■ Wiley contends that the instant action is a generalized constitutional challenge to Rule 241.24(a), and therefore this court has subject matter jurisdiction. The generalized challenge distinction recognized in *Feldman* does not apply, however, where a constitutional claim has already been decided by a state court. *Howell v. Supreme Court of Texas,* 885 F.2d 308, 312 (5th Cir.1989); *Strauss v. Drew,* 739 F.Supp. 1231, 1235 (N.D.Ill.1990); *see Anderson v. Colorado,* 793 F.2d 262, 263 (10th Cir.1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."). Indeed, the *Feldman* court stated:

> "Challenges to the constitutionality of state bar rules ... do not necessarily require a United States district court to review a final state-court judgment in a judicial proceeding.... United States district courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, *which*

*do not require review of a final state-court judgment in a particular case."* *Feldman,* 460 U.S. at 486, 103 S.Ct. at 1316–17 (emphasis added).

A plaintiff in such a case must show that the allegations in the federal district court case are not related to the issues already ruled upon by the state supreme court. *White v. Judicial Inquiry & Review Bd,* 744 F.Supp. 658, 666 (E.D.Pa.1990).

Here, as in *Howell,* the plaintiff did raise his constitutional claim in the state court. Therefore, allowing a new challenge in federal district court would necessarily require review of the final state court judgment. Wiley is calling upon this court to review the Colorado Supreme Court's decision to dismiss with prejudice his constitutional challenge to Colo.R.Civ.P. 241.24(a). Because this court does not have jurisdiction to exercise such review, the complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, IT IS ORDERED that:

(1) Defendants' motion to dismiss is granted; and

(2) Plaintiff's claims and action are dismissed.