IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20324
Conference Calendar

_____


RICHARD HUNTER,

                                        Plaintiff-Appellant,


versus


CITY OF HOUSTON, REDMAN, Officer,
UNKNOWN OFFICER,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA H 96-291
- - - - - - - - - -
October 23, 1996

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Richard Hunter, Florida prisoner #210660, appeals the
district court's judgment dismissing his pro se, in forma
pauperis, civil rights action as time-barred.  Hunter argues that
the action is not time-barred because he was not aware that his
property was being held as evidence in a criminal proceeding
until his sentencing on July 8, 1994, and that the limitations

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

period was tolled from the time of his arrest until his trial and sentencing because he could take no action to recover the property.

We do not address this argument because Hunter's challenge actually concerns the state forfeiture proceeding. The Rooker-Feldman[**] doctrine precludes federal-court relitigation of any claim that is "inextricably intertwined" with a state-court judgment. Howell v. Supreme Court of Texas, 885 F.2d 308, 312 (5th Cir. 1989). Hunter may not circumvent this rule by casting his complaint in the form of a civil rights action. Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 115 S. Ct. 271 (1994). Accordingly, the judgment of the district court is AFFIRMED on the ground that it lacked subject-matter jurisdiction to consider Hunter's claims. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm judgment on any basis supported by the record), cert. denied, 507 U.S. 972 (1993).

AFFIRMED.

---

[**] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).