# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 10-20173
Summary Calendar

Lyle W. Cayce
Clerk

JAMES A. GREEN; PRINCE ELLA GREEN,

        Plaintiffs - Appellants

v.

JUDGE WAYNE MALLIA, State Actor; STEVEN LEYH, Officer of the Court; SHELLY DOUGLAS, Officer of the Court; MICHAEL WESTON, Officer of the Court; JEFF RECORDS, Chief Executive Officer/President of Midland/Midfirst; LEYH & PAYNE LAW FIRM; MIDFIRST BANK; MIDLAND MORTGAGE; BARRETT DAFFIN FRAPPIER TURNER & ENGEL LLP, formerly known as Barrett Burke Wilson Castle Daffin & Frappier,

        Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-4159

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs James and Prince Ella Green, pro se, appeal the dismissal of their claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, the Bankruptcy Code, and the RICO Act. For the reasons stated below, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20173

## I. Factual and Procedural Background

This case stems from confusion surrounding an agreement to settle a state court lawsuit. Plaintiff-Appellants filed suit in the 405th Judicial District Court of Galveston County, Texas, alleging that several financial institutions were improperly attempting to collect a debt that had been discharged in bankruptcy. Plaintiffs settled with some of the defendants and were negotiating with Midland Mortgage Co. ("Midland") and a law firm now known as Barrett Daffin Frappier Turner & Engal LLP ("Barrett Daffin"), both defendants in this case.

Plaintiffs' counsel in state court, Michael Weston, signed a Rule 11 Agreement on May 6, 2009, indicating that the parties had settled the case against Midland and Barrett Daffin, though settlement details were still being finalized.[1]   Based on emails exchanged in March and April 2009, Weston believed he had authority to sign the Rule 11 Agreement; Plaintiffs had reviewed a first draft of the proposed settlement agreement. Yet Plaintiffs claim Weston did not have authority to settle, and they produced evidence that Mrs. Green was receiving inpatient psychiatric care from May 3 through May 11. Thus, they contend, she could not have agreed to a settlement.

Nevertheless, state court Judge Wayne Mallia enforced the Rule 11 Agreement and ordered Plaintiffs to sign a Mutual Release. Plaintiffs maintained they wished to proceed to trial. They appealed Judge Mallia's order in state court on December 3, 2009. On December 31, 2009, Plaintiffs filed a federal complaint, alleging, among other things, that they were mistreated based on their race and that Judge Mallia conspired with Defendants to coerce

---

[1] Although originally a party to the case, pursuant to Appellants' motion, Michael Weston was dismissed from this appeal.

2

No. 10-20173

Plaintiffs to sign a settlement against their wishes.  Defendants filed motions to dismiss under Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6).

On February 24, 2010, the district court granted Judge Mallia's motion to dismiss, finding he was entitled to complete judicial immunity.  On March 4, 2010, the district court granted the remaining Defendants' motions to dismiss on the federal claims and declined to exercise supplemental jurisdiction over the pending state law claims.[2]  In making its ruling, the court did not have access to the Plaintiffs' response because of a clerical error in the Clerk's Office. Plaintiffs filed a motion to reconsider under Fed. R. Civ. Pro. Rule 59(e).  After considering Plaintiffs' response, the district court found no basis to alter any substantive rulings.

Plaintiffs filed this appeal on March 15, 2010, before the district court had responded to the Rule 59 motion.  Under Fed. R. App. Pro. 4(a)(B)(i), their notice became effective to appeal the judgment after the order on the motion was entered on March 29, 2010.

## II.  Standard of Review

This court reviews a grant of motion to dismiss *de novo*, viewing the facts pleaded in the complaint in the light most favorable to the plaintiff.[3]  While detailed factual allegations are not required, the plaintiff must state a "plausible

---

[2] Since Plaintiffs did not brief the district court's dismissal of the state law claims, any objection to this finding is waived. *See In re Tex. Mortgage Servs. Corp.*, 761 F.2d 1068, 1073 (5th Cir. 1985).

[3] *See, e.g.*, *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

No. 10-20173

claim for relief" to survive a motion to dismiss.[4]  We hold pro se briefs to less stringent standards than formal pleadings drafted by lawyers.[5]  Pro se litigants must brief the arguments in order to preserve them,[6] but we have construed Plaintiffs' brief liberally when doubts exist as to whether subject matter was properly briefed.

### III.  Judicial Immunity

Plaintiff-Appellants' brief cites a variety of cases describing when state actors are liable under 42 U.S.C. § 1983.  However, Appellants fail to provide reasons why Judge Mallia is not entitled to judicial immunity.  The Supreme Court "has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities."[7]  The are only two instances when judicial immunity does not apply: 1) when the judge was not acting in his judicial capacity; and 2) when the judge acted in complete absence of jurisdiction, even if the actions were judicial in nature.[8]  Neither of these two situations applies in this case.  Appellants make no allegations that Judge Mallia was acting outside his judicial scope.  Rather, they allege his ruling was improper and the result of a conspiracy with other Defendants.  Reading the complaint in the light most favorable to

---

[4] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *Price v. Digital Equipment Corp.*, 846 F.2d 1026 (5th Cir. 1988).

[7] *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (internal quotation marks omitted).

[8] *Mireless v. Waco*, 502 U.S. 9, 11-12 (1991).

No. 10-20173

Appellants, any possible wrongdoing by Judge Mallia was strictly limited to acts performed in his judicial capacity. Thus, the district court properly dismissed the case against him.

## IV.  Section 1983 Claims Against Other Defendants

Appellants allege no facts to indicate that Defendants conspired or worked jointly with Judge Mallia. For example, Appellants claim that Judge Mallia used a different standard of review for African-American pro se Appellants than for opposing white counsel. Even if this were true, Appellants present no evidence that Defendants conspired with Judge Mallia to obtain this result. As the Supreme Court has said, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or joint actor with the judge."[9] Because none of the factual allegations describe concerted or joint activity, the private Defendants did not act under color of state law, and the district court properly dismissed Appellants' § 1983 claims.

## V.  Remaining Federal Claims

The district court opinion carefully explained that the federal courts did not have subject matter jurisdiction over Appellants' claims under 42 U.S.C. §§ 1985, 1986 and the Bankruptcy Code because of the *Rooker-Feldman* doctrine. This doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

---

[9] *Dennis*, 449 U.S. at 28.

No. 10-20173

judgments."[10]  Here, Judge Mallia, acting in state court, rendered a judgment adverse to Appellants, which they sought to challenge in the federal district court.  Because Appellants' claims are "inextricably intertwined" with the merits of the underlying state suit, we lack jurisdiction.[11]  Moreover, Appellants' brief does not address the *Rooker-Feldman* doctrine or propose any theory for why the district court erred in dismissing these claims.  Thus, we may consider any such arguments waived, notwithstanding the lenient standards we apply to pro se litigants.

Similarly, Plaintiffs have not adequately supported an appeal of their RICO claims.  Even if Plaintiffs did not waive this appeal, Plaintiffs asserted no facts that would support a pattern of racketeering or demonstrate Defendants were members of an ongoing association-in-fact.[12]  As a result, the RICO claims were properly dismissed.


## VI.  Conclusion

We therefore AFFIRM the district court's judgment dismissing Appellants' claims.  We DENY as unnecessary Defendants' motion to strike Appellants' record excerpts and brief.

---

[10] *ExxonMobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Howell v. Supreme Court of Texas*, 885 F.2d 308, 312 (5th Cir. 1989).

[11] *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 316, 317-18 (5th Cir. 1994) (finding that "[t]he casting of a complaint in the form of a civil rights action cannot circumvent" the *Rooker-Feldman* doctrine).

[12] *See, e.g., St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (affirming a dismissal of RICO claims when Appellants did not allege the requisite criminal acts); *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995) (listing the requirements for association-in-fact enterprises).