# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2011

No. 10-30969
Summary Calendar

Lyle W. Cayce
Clerk

JOSEPH V. FOSTER, JR.,

                    Plaintiff–Appellant,

v.

WILLIE GRAVES, Sheriff, Livingston Parish Sheriff's Office; ODOM GRAVES,
former Sheriff, Livingston Parish; GARY STEWART; TED WEIBBLER; SCOTT
PERRILLOUX; DUNCAN KEMP; PAT HALEY; DONALD COWART; ED
JEANSONNE; THOMAS SULLIVAN; LUCIUS PATTERSON,

                    Defendants–Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CV-657

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joseph V. Foster, Jr., Louisiana prisoner # 75808, moves this court for
leave to proceed in forma pauperis (IFP) in his appeal from the district court's
dismissal of his 42 U.S.C. § 1983 civil rights action. In his § 1983 complaint,
Foster argued that the State violated his constitutional rights when it rejected
his request to return his personal property.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30969

As in the instant matter, the district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification, such as by referencing a prior court decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If a prisoner opts to challenge the district court's certification decision, the prisoner may file a motion in the court of appeals for leave to proceed IFP, which "must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202. This court, however, may dismiss the appeal as frivolous when it is apparent that an appeal would be meritless. *Id.* at 202 n.24.

The district court based its dismissal of Foster's § 1983 complaint on FED. R. CIV. P. 12(b)(6), which provides for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This court reviews a district court's dismissal for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) de novo. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005).

As the district court determined, Foster's § 1983 claims—the State violated his constitutional rights when it rejected his request to return his personal property—are nothing more than an attack on the validity of the state court judgment denying his motion for the return of his property. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *Howell v. Supreme Court of Tex.*, 885 F.2d 308, 312 (5th Cir. 1989); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

No. 10-30969

The district court also correctly found that Foster's claims are barred by the *Parratt-Hudson* doctrine. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Under this doctrine, deprivations of property caused by the random and unauthorized misconduct of state actors, such as the case in the instant matter, do not infringe constitutional due process provided that adequate state post-deprivation remedies exist. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). Louisiana has such a remedy, the state tort remedy of conversion. *See Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008). Foster has not shown that this remedy is inadequate. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Holloway v. Walker*, 784 F.2d 1287, 1293 (5th Cir. 1986).

Lastly, as for Foster's claim that the district court erred when, prior to the dismissal of his § 1983 complaint, the district court failed to rule on his motion to transfer his case to the state court, a district court does not have the authority to direct the performance of a state or county actor or agency or to remand or transfer a case to state court if the matter was not initially filed in state court and subsequently removed to federal court. *See Moye v. Clerk, De Kalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985); 28 U.S.C. § 1447(d).

In light of the foregoing, Foster's motion for leave to proceed IFP is DENIED, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

3