United States Court of Appeals,

Fifth Circuit.

No. 92-2623

Summary Calendar.

J. Brent LIEDTKE, Plaintiff-Appellant,

v.

The STATE BAR OF TEXAS, et al., Defendants-Appellees.

April 8, 1994.

Appeals from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

J. Brent Liedtke appeals the dismissal of his 42 U.S.C. § 1983 action and his claims for declaratory and injunctive relief. For the reasons assigned we must affirm.

*Background*

Liedtke was disbarred and permanently enjoined from the practice of law in the state courts of Texas by a default judgment entered on June 25, 1990. The events leading up to that judgment occasioned Liedtke to file a 42 U.S.C. § 1983 action against the State Bar of Texas, the Texas Bar Journal, and Dawn Miller,[1] assistant general counsel for the State Bar of Texas, together with an action for declaratory and injunctive relief under 28 U.S.C. § 2201. The district court dismissed for lack of jurisdiction.[2]

The events preceding Liedtke's disbarment leave much to be desired. A disciplinary proceeding was initiated against Liedtke by the State Bar of Texas. On June 7, 1989, the judge presiding over that proceeding was recused *ex parte* upon the motion of the State Bar. Liedtke was not notified of this change and no indication of it appeared in the pleadings or case file. Liedtke filed

---

[1]Miller was sued in her representative capacity only.

[2]The action for declaratory and injunctive relief was dismissed on July 9, 1992 and the section 1983 action was dismissed on August 10, 1992.

all subsequent pleadings[3] in the court of the recused judge who, apparently unaware of his recusal, continued to manage the case.[4]  The State Bar meanwhile was proceeding before another judge.

The State Bar made three attempts at discovery.  On December 5, 1989, it served its first Request for Production of Documents and first set of Interrogatories.  Liedtke responded with a Motion to Extend the Time in Which to Respond in the court of the recused judge but did not set the motion for hearing.  A second Request for Production, a second set of Interrogatories, and a Notice for Deposition soon followed.  Liedtke did not respond to these requests and did not appear at the deposition.[5]  The State Bar then served Liedtke with a Motion to Impose Sanctions for Failure to Respond to Discovery.  That motion was set for hearing on June 25, 1990 at 8:45 a.m. in the court of the second judge.

Ms. Miller arrived in the courtroom of the reassigned judge on June 25 shortly before 8:15 a.m.  Discovering that Liedtke's file was not there, she went across the street to the court of the recused judge to secure the file.  Upon her return, the newly-appointed judge beckoned her to the rear of the courtroom, advised her that Liedtke had not requested a hearing and that the case would be handled on the submission docket.  He then immediately signed an order granting the State Bar's motion for sanctions, struck Liedtke's answer and pleadings and, as a consequence of a lack of responsive pleadings, entered a default judgment disbarring Liedtke.  Before the clock struck nine, with no notice or opportunity to be heard on either the sanctions issue or the merits of the disciplinary petition, Liedtke was stripped of his status as an attorney and officer of the court.[6]

Liedtke first learned of the disbarment on July 17, 1990.  Although he timely filed an appeal he did not timely file the required trial record with the appellate court and his appeal was dismissed.

---

[3]In his answer Liedtke denied all allegations of professional misconduct.

[4]After receiving Liedtke's answer, the recused judge sent each party a signed order setting the discovery cut-off date and the trial date.

[5]Liedtke claims that he notified the State Bar in advance that he had a trial scheduled for the date of the deposition.  Dawn Miller responds that she received no such notice.

[6]Liedtke claims he appeared in court at 9:00 a.m. but was told that his case was not on the docket.

As a consequence, neither the procedure nor merits were reviewed by the Texas appellate court. Liedtke's application for writ of mandamus was unsuccessful. The instant federal actions were filed and were dismissed by the district court for lack of jurisdiction. Liedtke timely appealed.

*Analysis*

Liedtke understandably contends that his disbarment violated due process in that he was not afforded a full and fair opportunity to be heard. He vigorously argues that the judgment of the state district court should be deemed void and unenforceable.[7] He seeks a declaration to that effect, an injunction against the enforcement of the judgment, and damages from the defendants for the infringement of his constitutional rights.

Cautioning that our ruling should not be taken as acceptance or approval of the scenario described above, unfortunately we can give Liedtke no relief because of the firmly-established doctrine of *Rooker/Feldman*.[8] Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.[9] Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.[10] The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation "federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final

---

[7]Liedtke's argument that we adjudged the state court's decision void when we refused to disbar him from practice before our court misperceives our action. Querulous of the procedure by which the state court rendered its judgment disbarring Liedtke, we simply refused to rely thereon as the basis for removing him from our roll of attorneys.

[8]*See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

[9]*Rooker;  see also Feldman.*

[10]*Feldman.*

order[s] of state court[s]."[11]

Liedtke's request for declaratory and injunctive relief, stripped to essentials, is an attack on the judgment of the state district court. His section 1983 suit, which arises from the state proceeding, is "inextricably intertwined" with that judgment.[12] Liedtke's recourse was with the state appellate courts and thereafter the United States Supreme Court on application for a writ of certiorari, not by a complaint to the federal district court. We have no alternative but to affirm the decision of the federal district court dismissing Liedtke's claims for lack of jurisdiction.[13] We do as we must.

AFFIRMED.

---

[11]*Kimball v. Florida Bar,* 632 F.2d 1283, 1284 (5th Cir.1980); *see also Chrissy F. by Medley v. Mississippi Dept. of Public Welfare,* 995 F.2d 595 (5th Cir.), *cert. denied,* --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ---- (U.S.1994) (No. 93-754); *Reed v. Terrell,* 759 F.2d 472 (5th Cir.), *cert. denied,* 474 U.S. 946, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985); *Hagerty v. Succession of Clement,* 749 F.2d 217 (5th Cir.1984), *cert. denied,* 474 U.S. 968, 106 S.Ct. 333, 88 L.Ed.2d 317 (1985).

[12]*See Chrissy, Eitel v. Holland,* 798 F.2d 815 (5th Cir.1986), and *Reed,* all of which dismiss suits for equitable relief and damages as attempts to attack collaterally the validity of state court judgments. The section 1983 suit for damages also necessarily founders on eleventh amendment immunity. *See Bishop v. State Bar of Texas,* 791 F.2d 435 (5th Cir.1986); *Krempp v. Dobbs,* 775 F.2d 1319 (5th Cir.1985).

[13]*See also Howell v. State Bar of Texas,* 710 F.2d 1075 (5th Cir.1983), *cert. denied,* 466 U.S. 950, 104 S.Ct. 2152, 80 L.Ed.2d 538 (1984); *Kimball; Sawyer v. Overton,* 595 F.2d 252 (5th Cir.1979). Liedtke's final argument that one of his clients will suffer irreparable harm as a result of his disbarment is unavailing.