IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41001
Conference Calendar

_____


BARRY ALLEN FISHER,

                                        Plaintiff-Appellant,


versus

JOHN WYATT et al,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-311
- - - - - - - - - -
April 16, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Barry Allen Fisher, Texas state prisoner #488975, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous.  He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal.  The motion for leave to appeal IFP is GRANTED.

    The Prison Reform Act (PLRA) requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee,

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

$105. Fisher is assessed an initial partial filing fee of $2, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, the remainder will be deducted from Fisher's prison trust-fund account until the entire filing fee is paid. § 1915(b)(2).

IT IS ORDERED that Fisher pay the appropriate filing fee to the clerk of the District Court for the Eastern District of Texas. IT IS FURTHER ORDERED that the agency having custody of Fisher's inmate account shall collect the remainder of the filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Eastern District of Texas monthly payments of 20 per cent of the preceding month's income each time the amount in Fisher's account exceeds $10, until the appellate filing fee of $105 is paid.

Fisher argues that the state trial court abused its discretion in dismissing his state court action against the defendants for assault and battery. Notwithstanding that Fisher failed to address the reasons for the district court's dismissal of his lawsuit, see Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987), the district court lacked jurisdiction to entertain a collateral attack on a state court judgment. Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 115 S. Ct. 271 (1994).

Fisher's appeal is without arguable merit and is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.

1983).  We caution Fisher that future frivolous civil suits and appeals filed by him or on his behalf will invite the imposition of sanctions.  Fisher is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.  5th Cir. R. 42.2.