IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-40721
Summary Calendar

———————————

ROMAN PERALES,

Plaintiff-Appellant,

versus

SUPREME COURT OF TEXAS, Chief Justice Thomas R. Phillips,
Justices Raul A. Gonzalez, Nathan I. Hecht, John Cornyn, Craig
Enoch, Rose Spector, Priscilla R. Owen, James A. Baker, Greg
Abbott, in their individual and official capacities; DAN MORALES,
Attorney General of Texas, individually and in his official
capacity; and BOARD OF LAW EXAMINERS OF TEXAS, Rachel Martin,
Executive Director of Texas Board of Law Examiners, Warlick Carr,
Chairman, Texas Board of Law Examiners, individually and in their
official capacities,

Defendant-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Texas
(B-96-CV-226)

———————————

March 27, 1998

Before JOHNSON, DeMOSS, and JONES, Circuit Judges.

PER CURIAM:[*]

Pro se plaintiff Roman Perales appeals the district court's

dismissal of his complaint. In his complaint, Perales argued that

the grading formula used in the 1991 Texas Bar Examination violated

the Sherman Act. The district court concluded that because

———————————

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Perales's complaint was "about the way he was treated in the Texas judicial system[,]" the court did not have subject matter jurisdiction.

This Court reviews a district court's dismissal for lack of jurisdiction de novo. Musselwhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994), cert. denied, 515 U.S. 1103 (1995). Under the Rooker/Feldman doctrine, federal courts lack jurisdiction to entertain collateral attacks on state court judgments. Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 1036 (1994). Stripped to its essentials, Perales's complaint is an attack on the judgment of the state court. Therefore, after a careful review of the record and the controlling authorities, this Court holds that the district court did not err in dismissing Perales's complaint for lack of subject matter jurisdiction. See Musslewhite, 32 F.3d at 945.

Perales also asserts that his right to access to the courts, due process and equal protection were violated by the district court's dismissal of his complaint. A litigant's right to access to the courts is implicated where the ability to file suit is delayed or blocked all together. Foster v. City of Lake Jackson, 28 F.3d 425, 430 (5th Cir. 1994). The district court's dismissal of Perales's complaint did not abridge his right of access to the court, his right to due process or his right to equal protection.

This Court does not consider Perales's argument in support of mandamus as the issue is moot.

2

Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.