IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40792
Conference Calendar

_____


RUDY RIOS,

                                    Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                    Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-118
- - - - - - - - - -

April 15, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Rudy Rios, Texas prisoner # 344683, appeals the district court's dismissal as frivolous of his federal complaint challenging the actions of a Texas trial court. Rios and other prisoners had filed a tort suit against the Texas Department of Criminal Justice, claiming damages from the collapse of a roof. Rios contends that the trial court sequestered him and other prisoners during the testimony of two doctors during the trial. He argues that such action violated his constitutional right to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confront witnesses and that the district court had jurisdiction to review Rios's challenge because the Texas courts had not addressed his constitutional claim.

Federal courts do not have jurisdiction to review collateral attacks of state court judgments, even when the challenge raises constitutional issues and even when the federal suit is filed as a civil rights action. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994). Rios's federal complaint lacked an arguable basis in law, and the district court did not abuse its discretion in dismissing it as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Rios's appeal lacks arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as Rios's second strike for purposes of 28 U.S.C. § 1915(g). We caution Rios that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.