IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20366
Conference Calendar

_____


MICHAEL ANDERSON GILBERT,

                                        Plaintiff-Appellant,

versus

J.E. GUNJA; LINDA MOTHERAL, Judge,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-4002
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Michael Anderson Gilbert, federal prisoner # 52595-080,
appeals the district court's dismissal of his civil rights action
against J.E. Gunja, the warden of the Three Rivers Federal
Correctional Institution, and Judge Linda Motheral of the 257th
Judicial District Court of Harris County, Texas, filed pursuant
to Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).  Gilbert argues that the district
court erred in dismissing his claim against Judge Motheral for

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

lack of federal subject matter jurisdiction.  Because Judge

Motheral is absolutely immune from suit for her decision ordering

Gilbert to pay child support, the district court did not err in

dismissing Gilbert's claim against Judge Motheral.  See Mays v.

Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).  To the extent

Gilbert sought review of Judge Motheral's decision ordering him

to pay child support, the district court did not err in

dismissing his claim for lack of subject matter jurisdiction.

See District of Columbia Court of Appeals v. Feldman, 460 U.S.

462, 476, 482 (1983)(federal courts lack jurisdiction to review

state court decisions); see also Rooker v. Fidelity Trust Co.,

263 U.S. 413, 415 (1923); Liedtke v. State Bar of Texas, 18 F.3d

315, 317-18 (5th Cir. 1994).

Gilbert argues that the district court erred in holding that

Gunja did not have an obligation to provide Texas law books to

him to allow him to challenge the state court judgment ordering

him to pay child support.  The district court did not err in

holding that Gilbert did not state a claim for denial of access

to the courts because his right was limited to the right to

challenge his conviction, sentence, or the conditions of his

confinement.  See Lewis v. Casey, 518 U.S. 343, 355 (1996).

Gilbert's reliance on M.L.B. v. S.L.J., 519 U.S. 102 (1996) is

misplaced as it did not involve a prisoner's claim for denial of

access to the courts.

AFFIRMED.