IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31298
Summary Calendar
_____


JOHNNY S. ANZALONE,

                                        Plaintiff-Appellant,

versus

STATE OF LOUISIANA, ET AL.,

                                        Defendants,

DISCIPLINARY BOARD OF THE LOUISIANA
STATE BAR ASSOCIATION; INDEPENDENCE TOWN OF;
PASCAL F. CALOGERO, JR.; WALTER F. MARCUS, JR.;
JAMES L. DENNIS; JACK C. WATSON, HARRY T. LEMMON;
PIKE HALL, JR.; CATHERINE D. KIMBALL; CHARLES
PLATSMIER; FRED G. OURS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3488-B
--------------------

October 18, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Johnny Anzalone appeals the dismissal for lack of federal

subject matter jurisdiction of his federal civil rights claims

and supplemental state law claims.  Anzalone filed suit in

district court against 13 individual defendants who represented

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the State of Louisiana, the Louisiana Supreme Court, the Disciplinary Board of the Louisiana Bar Association, the Disciplinary Counsel of the Louisiana Bar Association, the Louisiana State Bar Association, and the Town of Independence. Anzalone alleged that individuals from these entities violated his constitutional and civil rights by their actions to place his license to practice law in disability inactive status.

The district court properly determined that it lacked jurisdiction pursuant to the Rooker-Feldman[**] doctrine, which precludes federal subject matter jurisdiction over challenges to state-court decisions in cases arising out of judicial proceedings. Musslewhite v. State Bar of Texas, 32 F.3d 942, 946 (5th Cir. 1994). Anzalone argues that this court should recognize an exception to the Rooker-Feldman doctrine and allow jurisdiction over his claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). He contends that the doctrine should apply only when the party has not had an opportunity to raise his federal claims in the state court proceeding. However, this court has held in similar cases that Rooker-Feldman operates even when the prior proceedings may have been conducted in the absence of such an opportunity. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).

In addition, Anzalone argues that the district court erred in determining that the members of the Louisiana Supreme Court and of the Disciplinary Board were immune from suit. He also

---

[**] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

argues that his claim against the Town of Independence was erroneously dismissed to be filed in state court because it would place an undue burden on him by requiring him to litigate identical issues in two separate forums. However, Anzalone has failed to cite to any relevant authority to support his positions. Failure to present any authority in support of an argument constitutes an abandonment of the issue. <u>United States v. Heacock</u>, 31 F.3d 249, 258 (5th Cir. 1994); <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

As the district court did not err in dismissing Anzalone's complaint for lack of jurisdiction under the <u>Rooker-Feldman</u> doctrine and Anzalone has failed to adequately brief the remaining issues he raises on appeal, the district court decision is AFFIRMED.