UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11180
Summary Calendar
_____

UDO BIRNBAUM,

Plaintiff-Appellant,

versus

RICHARD RAY; ET AL.,

Defendants,

RICHARD RAY; TOMMY W. WALLACE; JAMES B. ZIMMERMAN;
RICHARD DAVIS; PAT MCDOWELL, Judge; LESLIE P. DIXON;
BETTY DAVIS; WILLIAM JONES; BECKY K. MALONE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-696-R)
_____

July 28, 2000

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Udo Birnbaum challenges, *pro se*, the dismissal, for failure to
state a claim under FED. R. CIV. P. 12(b)(6), of his Racketeer
Influenced and Corrupt Organizations Act (RICO) complaint .

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Birnbaum's RICO action arises out of a state-court action brought against him by defendant William Jones. Birnbaum's action is an attempt to attack collaterally the validity of an adverse state-court judgment. Federal courts lack jurisdiction to engage in appellate review of state-court determinations. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). "When issues raised in a federal court are inextricably intertwined with a state judgment and the court is in essence being called upon to review the state-court decision, the court lacks subject matter jurisdiction". *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995)(internal quotation marks and citations omitted).

Because Birnbaum's claims arise solely from the state-court litigation and are "inextricably intertwined" with the state court's judgment, the district court judgment is

*AFFIRMED.*