IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60781
Summary Calendar
_____


HARRY W. VINSON; BRAD VINSON,

                                    Plaintiffs-Appellants,

versus


JOHN C. ROSS, JR.; TIMOTHY E. ERVIN, Honorable; FRED BUSH, JR.;
KAY TRAPP; LAW FIRM OF PHELPS DUNBAR, LLP INC., Its Agents and
Assigns and its Insurance Carrier; J. MARK SHELTON; SHELTON &
WEEDEN LAW FIRM, and its insurance carrier; ANNA CATHERINE
PIPKIN; PIPKIN LAW FIRM, and its Insurance Carrier; MICHAEL B.
GRATZ, JR.; GRATZ AND GRATZ LAW FIRM, and its Agents and Assigns
and Insurance Carrier, RITA VINSON; KEITH YOUNG; and his
Insurance Carrier; NELL MOORE, And her Insurance Carrier; ANTONE
TANNEHILL, and his Insurance Carrier; F.L. LUMMUS, and His
Insurance Carrier; SAMUEL PACE, and His Insurance Carrier; IMA
FOUNDATION INC., Its agents and assigns and its Insurance
Carrier; NORTH MISSISSIPPI MEDICAL CENTER, INC., its agents,
assigns & its Insurance Carrier; NORTH MISSISSIPPI MEDICAL
SERVICES INC., Its agents, assigns and its Insurance Carrier;
REGGIE COLLUMS, Chancery Court Clerk, Pontotoc County,
Mississippi, his agents and assigns and his Insurance Carrier;
UNITED STATES FIDELITY & GUARANTY COMPANY (USF&G); WILLIAM HARVIE
BENSON, Chancery Court Clerk, Lee County, Mississippi, his agent
and assigns and his Insurance Carrier; STATE FARM FIRE AND
CASUALTY COMPANY; LARRY WAYNE KOON, Chancery Court Clerk, Union
County, Mississippi, his agents and assigns and his Insurance
Carrier; FIDELITY & DEPOSIT COMPANY OF MARYLAND; TRACY ROBINSON,
Circuit Court Clerk, Pontotoc County Mississippi, her agents and
assigns and her Insurance Carrier; JOYCE LOFTIN, Circuit Court
Clerk, Lee County, Mississippi, her agents and assigns and her
Insurance Carrier; THOMAS STANFORD, Circuit Court Clerk, Union
County, Mississippi, his agents and assigns and his Insurance
Carrier.

                                    Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CV-421-P-D
---------------------
September 26, 2001

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Harry W. Vinson and Brad Vinson appeal from the dismissal of their civil action arising from what they allege is a vast scheme that resulted in a state-court judgment placing liens and injunctions against their properties.  As part and parcel of that scheme, Harry W. Vinson's sister allegedly procured prescription drugs to be administered to their father, allowing the sister to gain control of the older Vinson's finances.

All of the Vinsons' claims except possibly for their claim that various medical defendants engaged in malpractice against Woodrow W. Vinson are related to the state-court judgment that the Vinsons wish to see invalidated.  The district court lacked jurisdiction over those claims.  *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

Regarding medical malpractice, the Vinsons argue that because Harry Vinson had been given power of attorney over Woodrow W. Vinson's affairs they had standing to sue for malpractice committed against Woodrow W. Vinson and for an unspecified First Amendment violation.  The Vinsons' allegation regarding their authority lacks a factual basis –- a state court appointed William Benson as conservator of Woodrow W. Vinson, an action that resulted in the Vinsons' earlier litigation in this court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Vinsons' appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal therefore is dismissed. 5TH CIR. R. 42.2.

We have warned the Vinsons that frivolous litigation may lead to the imposition of sanctions against them, and have warned Harry Vinson specifically against frivolous appeals regarding the administration of the conservatorship over his parents. *Vinson v. Benson*, No. 00-60263, slip op. at 2 (5th Cir. Oct. 18, 2000)(unpublished); *Vinson v. Colom*, No. 99-60826, slip op. at 3 (5th Cir. Jul. 27, 2000)(unpublished). The Vinsons filed their notice of appeal after this court so warned them. IT IS ORDERED that Harry W. Vinson is SANCTIONED $1,000, to be paid to the clerk of this court, and IT IS ORDERED that the clerk of court is not to accept any filings from him until the sanction is paid, unless Harry W. Vinson obtains the written authorization of a judge of this court for the filing he wishes to submit. Additionally, IT IS ORDERED that Brad Vinson is SANCTIONED $1,000, to be paid to the clerk of this court, and IT IS ORDERED that the clerk of court is not to accept any filings from him until the sanction is paid, unless Brad Vinson obtains the written authorization of a judge of this court for the filing he wishes to submit. No joint filings will be allowed unless both Vinsons have paid the monetary sanctions, unless the Vinsons obtain the written authorization of a judge of this court for the filing they wish to submit.

APPEAL DISMISSED. 5TH CIR. R. 42.2. SANCTIONS IMPOSED.