# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 01-20322
Summary Calendar

---

BILLY CLAUDE PHILLIPS,

Plaintiff-Appellant,

versus

BEVERLY CROWE PHILLIPS PARRISH; MARITIME ASSOCIATION
INTERNATIONAL LONGSHOREMAN ASSOCIATION PENSION RETIREMENT
WELFARE AND VACATION FUNDS,

Defendants-Appellees.

*********************************************************************

---

No. 01-20446
Summary Calendar

---

BILLY CLAUDE PHILLIPS,

Plaintiff,

versus

BEVERLY CROWE PHILLIPS PARRISH; ET AL.,

Defendants,

BEVERLY CROWE PHILLIPS PARRISH,

Defendant-Appellee,

versus

EDWARD TRUNCELITTO,

Appellant,

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3798

---------------------------------------------------------
December 27, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Billy Claude Phillips appeals the district court's dismissal of his action for lack of subject-matter jurisdiction. Phillips is essentially challenging a state court's domestic relations order which awarded a portion of Phillips' pension benefits to his former wife, Beverly Parrish. The district court did not err in holding that it was without subject-matter jurisdiction to entertain a collateral challenge to a state court order. See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994).

Phillips' attorney, Edward Truncelitto, appeals the district court's order imposing Fed. R. Civ. P. 11 sanctions against him for filing a frivolous complaint pursuant to Parrish's motion, arguing that the motion was not properly filed in accordance with the procedural requirements of Rule 11(c)(1)(A). Because Parrish's motion was not served 21 days prior to filing in the district court as required by Rule 11(c)(1)(A) and was filed after the district court rendered its judgment, the district court abused its discretion in imposing Rule 11 sanctions against Truncelitto. See Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000); Elliot v. Tilton, 64 F.3d 213, 215 (5th Cir. 1995). Therefore, the district court's order imposing Rule 11 sanctions against Truncelitto is VACATED.

The district court could have imposed sanctions against Truncelitto under its inherent authority. "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in `bad faith.'" Elliot, 64 F.3d at 217 (citations omitted). Although the district court held that Phillips' complaint had no basis in law and did not present a good faith argument for extension, modification, or reversal of existing law, the district court did not make a specific finding that Truncelitto acted in bad faith. Because such a finding is required, the case is REMANDED for a determination of whether such a finding is appropriate. See id. at 217.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to Fed. R. App. P. 38, Parrish has filed motions for damages and costs incurred because of the allegedly frivolous appeals filed by Phillips and Truncelitto. Parrish's motion for damages and costs against Phillips is GRANTED, and Phillips is ordered to pay attorneys' fees in the amount of $2437.50 to Parrish within 30 days of the date of this court's order. Parrish's motion for damages and costs against Truncelitto is DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION FOR DAMAGES AND COSTS AGAINST PHILLIPS GRANTED; MOTION FOR DAMAGES AND COSTS AGAINST TRUNCELITTO DENIED.