Jeremy Michael GUIDRY, d/b/a
Midway Moto Cross,

v.

EAST FELICIANA PARISH
POLICY JURY, et al.

No. CIV.A. 01–1130–B–M3.

United States District Court,
M.D. Louisiana.

April 16, 2002.

Burton P. Guidry, Guidry Law Firm, Baton Rouge, LA, Spencer H. Calahan, Baton Rouge, LA, for Plaintiff.

James L. Pate, Michelle L. Hoychick, Laborde & Neuner, Lafayette, LA, for East Feliciana Parish Police Jury.

Michael O. Hesse, Attorney at Law, St. Francisville, LA, for Defendants.

## OPINION

POLOZOLA, Chief Judge.

Jeremy Michael Guidry d/b/a Midway Moto Cross ("Guidry") has filed this suit against the East Feliciana Parish Police Jury and numerous other defendants seeking to enjoin a judgment entered by the Twentieth Judicial District Court for the State of Louisiana. Plaintiff also seeks money damages. Plaintiff brings this action pursuant to 28 U.S.C. and 42 U.S.C. § 1983.

Plaintiff further states in his complaint that he "brings this action to declare the statute upon which the defendants based their state court actions to be unconstitutional, to remove all actions pending in state courts to this jurisdiction and seeks declaration of the prior state court orders with regard to injunctive relief as well as other pendant state claims under Louisiana Law...." For reasons which follow, the Court dismisses this suit for lack of subject matter jurisdiction.[1]

It is clear that the plaintiff has no right to appeal a state court opinion to this Court. It is also clear that plaintiff cannot remove pending state court suits to federal court by filing a suit in federal court.

If counsel for plaintiff had conducted the slightest research before filing this suit, he would have discovered that this suit is barred by the *Rooker–Feldman* doctrine established by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*[2] *and District of Appeals v. Feldman.*[3] The Fifth Circuit Court of Appeals has also issued numerous rulings in similar cases following the *Rooker–Feldman* doctrine. The Supreme Court has definitively established that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."[4] "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[5]

There is no statute granting federal district courts jurisdiction to hear appeals from state court decisions. Subject only to express statutory grants, federal district courts are courts of original jurisdiction and cannot sit as appellate courts in review of state court judgments.

Furthermore, if "the district court is confronted with issues that are 'inextricably intertwined' with a state court judgment, the court is 'in essence being called

---

1. It is clear the Court can question its subject matter jurisdiction on its own motion.

2. 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

3. 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

4. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994) (citations omitted, referencing *Rooker* and *Feldman* ).

5. *Id., See also Weekly v. Morrow*, 204 F.3d 613, 614 (5th Cir.2000); *Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 188–89 (5th Cir.1985).

upon to review the state-court decision,' and the originality of the district court's jurisdiction precludes such a review." [6]

 Finally, in *Liedtke v. State Bar of Texas*,[7] Leidtke filed suit against the State Bar of Texas for alleged violation of his civil rights and declaratory relief regarding disciplinary proceedings brought against him in state court. The Fifth Circuit held that the federal court did not have subject matter jurisdiction. The Court held that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." [8] The casting of a "complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify or nullify final order[s] of state court[s].' " [9]

 Thus, this Court does not have subject matter jurisdiction. Striped to essentials, plaintiff's suit is an attack on the judgment of the state district court. Plaintiff's section 1983 case, which arises from the state proceedings, is "inextricably intertwined" with the state court judgments. If plaintiff is dissatisfied with the state court judgment, he should have appealed the state district court's judgments to the Louisiana State Appellate Courts and thereafter to the United States Supreme Court on application for a writ of certiorari.

Therefore, plaintiff's suit is hereby dismissed for lack of subject matter jurisdiction.

---

6. *U.S. v. Shepherd*, 23 F.3d 923 (5th Cir.1994).

7. 18 F.3d 315 (5th Cir.1994).

8. 18 F.3d at 317.

