United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10483
Conference Calendar

TERRY JAMES; CHARLOTTE MANOR,

Plaintiffs-Appellants,

versus

JOSEPH COX; NFN MORRIS, Fifth District Justice;
NFN FITZGERALD, Fifth District Justice; NFN LANG,
Fifth District Justice; TEXAS SUPREME COURT JUSTICES,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1876-D
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Terry James and Charlotte Manor appeal the district court's

dismissal of their 42 U.S.C. § 1981 complaint for lack of subject

matter jurisdiction. They have filed a motion for leave to

proceed in forma pauperis ("IFP") on appeal, challenging the

district court's denial of IFP and certification that their

appeal would not be taken in good faith. See Baugh v. Taylor,

117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3);

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. APP. P. 24(a)(3). They argue that the district court has subject matter jurisdiction over their claims based on 28 U.S.C. § 1343(a) and the Equal Protection Clause of the United States Constitution.

James and Manor alleged that the defendants discriminated against them on the basis of their race. Their allegations were based on adverse judicial rulings rendered by the defendants in the course of the state defamation suit James and Manor filed against Manor's ex-husband.

The claims are barred by the Rooker-Feldman doctrine.[**] See Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 462 (5th Cir. 2004); Liedtke v. State Bar of Texas, 18 F.3d 315, 317-18 (5th Cir. 1994). This appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the IFP motion is DENIED and the appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We caution James and Manor that the filing of frivolous appeals and motions will invite the imposition of a sanction. In light of the disposition of this case, the motions for appointment of counsel are DENIED.

APPEAL DISMISSED; OUTSTANDING MOTIONS DENIED; SANCTION WARNING ISSUED.

---

[**] This doctrine is named after District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).