**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50729
Summary Calendar

_____

RESTITUTION REVIVAL CHURCH,

Plaintiff-Appellant,

versus

WACO INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-40
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Restitution Revival Church ("Restitution Revival") appeals
the dismissal of its 42 U.S.C. § 1983 lawsuit against Waco
Independent School District ("WISD"), asserting violations of the
First, Fifth, and Fourteenth Amendments, as well as a violation
of the Texas Religious Freedom Act arising out of WISD's
acquisition through state condemnation proceedings of three
tracts of land adjacent to and owned by Restitution Revival.
WISD asserts that dismissal was proper, renewing its argument

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Restitution Revival's claims are not ripe and are barred by res judicata.

Although neither party addresses the issue, we find that Restitution Revival's lawsuit, by which it seeks to collaterally attack the state-court judgment in the condemnation proceedings, is barred by the Rooker-Feldman[**] doctrine.  See Liedtke v. State Bar of Texas, 18 F.3d 315, 317 (5th Cir. 1994); see also Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Restitution Revival's proper remedy was to seek certiorari from the Supreme Court after the Texas Supreme Court denied review in the condemnation proceedings, not file suit in federal district court.  See Liedtke, 18 F.3d at 317.  The district court's dismissal of the lawsuit is AFFIRMED.  See Doody v. Ameriquest Mortgage Co., 242 F.3d 286, 289 (5th Cir. 2001).

AFFIRMED.

---

[**]  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).