United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 5, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-11000
Summary Calendar

BILLY FREDERICK ALLEN,

Plaintiff-Appellant,

versus

HONORABLE JOHN NELMS, Presiding Judge of the
195th Judicial District Court of Dallas, County, Texas;
HONORABLE FRED C. MCDANIEL, individually and in
their official capacity,

Defendants-

Appellees.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-526
-----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Frederick Allen, Texas prisoner # 366613, appeals the district court's dismissal of his

42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1). Allen argues that the defendants

violated his constitutional rights in connection with his prior and pending state habeas proceedings

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and that the district court failed to let him adequately develop his claims. As Allen's claim of denial of access to courts is raised for the first time in his appeal to this court, it is not considered. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Although couched in terms of civil rights violations, Allen's claims arise from his state court habeas proceedings. Under the *Rooker-Feldman*[**] doctrine, he may not attempt to invalidate a state-court judgment in federal court. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). In addition, Allen's challenge to his pending state habeas proceeding does not allege a violation of his civil rights. As he concedes, the state district court judge has recommended that his pending petition be granted. Allen's challenge to specific state habeas proceedings also fails to raise a constitutional question cognizable in federal habeas corpus proceedings. *See Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995). Accordingly, the district court did not err in dismissing Allen's complaint pursuant to § 1915A(b)(1).

Allen's appeal is without arguable merit and is dismissed as frivolous. See 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Allen is warned that the dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit count as strikes for purposes of 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.

---

[**] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).