United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30796
Summary Calendar
_____

KELVIN WELLS,

Plaintiff-Appellant,

versus

ANN S. WILLIAMS; GINA LIDBERG; JESSICA GRIFFIN; GERLEENE YOUNG;
DEWITT; CHEYRL HAWKINS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-247
--------------------

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kelvin Wells is appealing the district court's judgment granting the defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(1) & (6), Wells's pro se complaint raising civil rights and state law claims. Wells does not contest the district court's dismissal of the claims against the defendants in their official capacities pursuant to the Eleventh Amendment. Thus, he has abandoned that claim. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, Wells argues that the district court erred in dismissing the complaint against the defendants in their individual capacities based on qualified immunity.  In dismissing a complaint pursuant to Rule 12(b)(6), the court must accept all well-pleaded facts as true and review the complaint in the light most favorable to the plaintiff.  Willard v. Human Health Plan of Texas, 336 F.3d 375, 379 (5th Cir. 2003).

"To determine whether the district court's grant of qualified immunity to the individual officers was proper, we must decide whether [the plaintiff's] pleadings, if accepted as true, (1) conceivably state violations of clearly established [constitutional] rights, and (2) allege conduct that is objectively unreasonable."  Heitschmidt v. City of Houston, 161 F.3d 834, 836-37 (5th Cir. 1998).

If Wells's allegations are accepted as true, they raise possible constitutional claims of due process violations, retaliation, and racial and sexual discrimination.  It can not be determined from the record whether the defendants' actions were objectively reasonable.  The district court erred in dismissing the complaint based on qualified immunity at this stage of the proceeding.

Wells has not challenged the district court's dismissal of the complaint pursuant to the Rooker[**]-Feldman[***] doctrine.  Thus,

---

[**] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[***]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

he has abandoned any challenge to the dispositive finding in the case.  See Yohey, 985 F.2d at 224-25.  Nevertheless, the district court correctly dismissed the complaint on that basis.  See Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th 1994).

Wells also has not challenged the district court's decision not to exercise supplemental jurisdiction over his state law claims.  Thus, he has abandoned those claims on appeal.  See Yohey, 985 F.2d at 224-25.

AFFIRMED.