# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-30683
Summary Calendar

GEORGE A LONG, JR.; ROSE MARY LONG,

Plaintiffs-Appellants

v.

WOOD MIZER PRODUCTS INC, Its Owners, Employees, Insurers, and Underwriters,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-136

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is the third litigation between these parties.[1] George A. Long, Jr., and Rose Mary Long (the Longs) filed the instant suit to seek redress for alleged wrongs and improprieties that occurred in connection with their first suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] After a sale transaction for a saw mill between George Long and Wood-Mizer went sour, WM filed suit in Indiana on the promissory note that was part of that transaction against George Long and his company. George Long counterclaimed and also filed suit, together with his wife, Rose Mary, in the Middle District of Louisiana in 2005, alleging defects in the saw mill. The Indiana case went to judgment first, which was adverse to Long. The federal district court in the 2005 suit then entered an adverse judgment against the Longs in 2007. The instant suit was filed in the Middle District of Louisiana in 2008.

against Wood Mizer Products, Inc. (WM), which was litigated in Indiana state court. The district court dismissed their suit as barred by res judicata and as being an improper attempt to litigate the propriety of state court procedural rulings in federal court. The Longs move this court to supplement their appellate brief. Their motion to supplement is GRANTED.

The Longs also move this court for authorization to proceed in forma pauperis (IFP) on appeal. A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal presents nonfrivolous issues. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The Longs arguably have shown that they are economically eligible to proceed IFP. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Longs have not, however, shown that their appeal will raise nonfrivolous claims. They argue that the instant suit should not have been dismissed on res judicata grounds due to improprieties in the Indiana state court proceedings, and they contend that their case is identical to *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128 (9th Cir. 1995). The Longs also provide argument concerning their claims that WM sold them a defective product and committed fraud upon the court during the trial in Indiana.

These arguments do not suffice to show error in connection with the district court's judgment, nor do they establish that the Longs will present a nonfrivolous appellate claim. To the extent that they seek to challenge the judgment rendered by the Indiana state court, the district court did not err by concluding that the instant suit was not the proper procedural vehicle for that challenge. *See Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). The Middle District of Louisiana is not an appellate court with respect to an Indiana state court. Insofar as the Longs argue that the doctrine of res judicata does not apply because there were improprieties in the state court proceedings, this argument lacks merit. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The Longs' reliance on *Pumphrey* is unavailing

because that case is both nonbinding and materially distinguishable from their case. They have already lost once before in federal district court in their 2005 lawsuit, and that ruling is res judicata in this case as well.

The Longs have not shown that they have nonfrivolous appellate claims. Consequently, their IFP motion is DENIED, and this appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.