# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2019

Lyle W. Cayce
Clerk

CAROL M. KAM,

      Plaintiff - Appellant

v.

DALLAS COUNTY; STATE OF TEXAS,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-378

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Carol M. Kam appeals the district court's dismissal of her claims for lack of subject matter jurisdiction. We affirm.

## I.

    In the proceedings below, Kam brought a *pro se* action in federal district court against the State of Texas and Dallas County upon the conclusion of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10735

extended probate litigation involving two will contest suits arising from the deaths of her brother and father. The first will contest suit, as to Kam's brother's amended trust, resulted in a judgment against Kam. The probate court also found her in violation of the "no contest" provision in her brother's trust, resulting in revocation of her benefits, *i.e.*, her $10,000 inheritance. She was further assessed with over $226,000 in attorney's fees and costs. The second will contest suit, as to Kam's father's will, resulted in a judgment in her favor with an award of costs.

The relief Kam sought in the federal district court included: (1) a retrial of the first will contest suit to remove the "malicious judgment" entered against her; (2) her $10,000 inheritance; and (3) reimbursement of all litigation expenses she had incurred to date. Because granting relief would require the district court to reverse the state court judgment entered in one of the will contest suits, the district court found that it was divested of jurisdiction under the *Rooker-Feldman* doctrine and dismissed Kam's claims with prejudice.

## II.

We review the district court's application of the *Rooker–Feldman* de novo. *See Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390 (5th Cir. 2012).

## III.

"[The Rooker-Feldman] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). "Further, in addition to the precise claims presented to the state court, *Rooker–Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017) (quoting *Dist. Ct. of Columbia Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983)).

2

No. 18-10735

On appeal, Kam argues that the State of Texas and Dallas County: (1) failed to provide her with an unbiased tribunal; (2) failed to provide her with proper jurisdictional notice and authority; (3) failed to allow her to depose certain witnesses; (4) failed to allow her to provide opposing evidence; (5) failed to provide her with a judgment based on the evidence presented; (6) failed to provide her with findings of fact and reasons for judgment; (7) "failed to address the improper use of the trial court as revenge"; and (8) permitted the court system to be used in a malicious manner that deprived her of her inheritance and placed an unfair financial burden on her.

We agree with the district court that the claims Kam presents and the relief she seeks would require reversal of one of the state court judgments in the proceedings below—the judgment in the first will contest suit. Consequently, we are barred from reviewing Kam's claims and find no reversible error in the district court's conclusion that the *Rooker-Feldman* doctrine deprived it of jurisdiction to hear Kam's claims.[1] *See Liedtke*, 18 F.3d at 317; *see also Burciaga*, 871 F.3d at 384–85 (observing that federal courts are prohibited from reviewing "claims that are 'inextricably intertwined' with a state court decision").

## IV.

The district court's judgment dismissing Kam's claims is affirmed.

---

[1] To the extent, if any, that Kam appeals the district court's denial of her motion to amend her complaint, we hold that the district court did not err in doing so on grounds of futility in that all of Kam's proposed amendments were also "inextricably intertwined" with the prior state court judgment. *See Burciaga*, 871 F.3d at 384–85.