# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2020

Lyle W. Cayce
Clerk

No. 19-20279
Summary Calendar

JEFFREY BATISTA,

     Plaintiff - Appellant

v.

CHRISTIN CARTER; JHILLIAN TILLIS,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-113

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

     This suit stems from a parental-termination proceeding in Texas state court. After that proceeding, Plaintiff Jeffrey Batista sued Defendants Christin Carter and Jhillian Tillis—both Texas Department of Family and Protective Services employees—under 42 U.S.C. § 1983. Generously construed, his complaint alleged that he was deprived of his rights because Defendants did

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20279

not follow Texas Family Code § 161.001 and because his appellate attorney was appointed after the jurisdictional deadline to file his state appeal. Defendants moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. FED. R. CIV. P. 12(b)(1), (6). The district court granted the motion, holding that it lacked subject-matter jurisdiction. We affirm.

In August 2017, the Texas 314th District Court terminated Batista's parent-child relationship with his four children; Batista then appealed to the Texas Fourteenth Court of Appeals. *See In re L.M.R.B.*, No. 14-18-00024-CV, 2018 WL 830287, at *1 (Tex. App.—Houston [14th Dist.] Feb. 13, 2018, pet. denied) (per curiam) (mem. op.). Because Batista filed his notice of appeal 138 days past the filing deadline, that court dismissed Batista's appeal for lack of jurisdiction. *Id.* The Texas Supreme Court denied review. *In re L.M.R.B.*, No. 18-0161, 2018 Tex. LEXIS 1079, at *1 (Oct. 19, 2018).

Although Batista does not explicitly ask to overturn the state-court judgment, his suit in essence challenges the soundness of that judgment— either the state trial court did not follow Texas law, or the state appellate court denied him due process by dismissing his appeal despite the late appointment of his attorney. The district court correctly determined that it lacked jurisdiction over such a suit. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks" on state-court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If a federal question arose in the state proceeding, Batista needed to raise it for the state court to resolve. *Liedtke*, 18 F.3d at 317. If the state court erred, Batista's sole federal recourse after exhausting his state appeals was to apply for a writ of certiorari to the United States Supreme Court. *Id.* Instead of doing that, he filed suit in a federal

2

district court. The court lacked jurisdiction to entertain such a collateral attack.

And that Batista frames his complaint as a civil-rights action does not save his suit from dismissal under this doctrine. When a § 1983 suit is "inextricably intertwined" with a state-court judgment such that the suit is, essentially, an attack on that judgment, district courts lack original jurisdiction over the suit. *Id.* at 317–18 (collecting cases). Here, whether Defendants deprived Batista of any rights depends solely on the legal issues already ruled on in state court. For the district court to find in his favor, it would have to contradict the state-court judgment. Batista's § 1983 claim is, therefore, "inextricably intertwined" with that judgment, and the district court lacked jurisdiction to hear the suit. DISMISSED.