# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20416
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2025

Lyle W. Cayce
Clerk

Michael Hidalgo,

*Plaintiff—Appellant*,

*versus*

The State of Texas,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-2098

————————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

In 1991, a Texas state court sentenced Plaintiff-Appellant Michael Hidalgo to eight-years imprisonment for burglary of habitation. His sentence "legally ended" on January 1, 1999. Approximately twenty-four-years later, Hidalgo filed a counseled "Writ of Error Coram Nobis" in a Harris County, Texas district court alleging he was wrongfully required to register as a sex

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offender in connection with his prior conviction. Petition for Writ of Error Coram Nobis at 2–3, *State v. Hidalgo*, No. 05493260101A (Tex. Dist. Ct. July 21, 2023). The state district court denied Hidalgo's writ and his subsequent appeal was dismissed. *Hidalgo v. State*, No. 01-24-00209-CR, 2024 WL 1513853, at *1 (Tex. App.—Hous. [1st Dist.] Apr. 9, 2024, no pet.). Hidalgo filed a petition for review with the Texas Supreme Court but alleges the petition was "returned erroneously . . . with instructions to file said Writ in the Court of Criminal Appeals[.]"

On June 4, 2024, Hidalgo, still represented by counsel, filed a complaint[1] in a federal district court purporting to "appeal[] the decision of the Justices of the Texas Supreme Court" rejecting his petition for review. The district court referred the case to a magistrate judge who *sua sponte* recommended dismissing Hidalgo's complaint for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.[2] The district court adopted the magistrate judge's recommendation over Hidalgo's objections and dismissed his suit without prejudice for lack of subject matter jurisdiction.

We agree. "Under the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.'" *Weaver v. Texas Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)). "A state court judgment is attacked for purposes of *Rooker–Feldman* . . . where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.'" *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The stated purpose of Hidalgo's

---

[1] Hidalgo's complaint was titled "Petition for Review Appellant's Appeal from the Adverse Actions of the Supreme Court of Texas in Violation of his Constitutional Rights."

[2] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

No. 24-20416

federal complaint was to "appeal from the adverse actions of the Supreme Court of Texas" and "appeal[] the decision of the Justices of the Texas Supreme Court" in rejecting his petition for review. The federal district court correctly concluded it was without subject matter jurisdiction to entertain such a challenge. *See id.* AFFIRMED.