**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 19, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-30695
Summary Calendar

)))))))))))))))))))))))))))

MICHAEL J. RILEY, SR.,

    Plaintiff-Appellant,

  versus

LOUISIANA STATE BAR ASSOCIATION AND LOUISIANA ATTORNEY
DISCIPLINARY BOARD,

    Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:05-CV-2500

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

  Plaintiff-Appellant Michael J. Riley, Sr. ("Riley") appeals the

district court's granting of Defendants-Appellees Louisiana State

Bar Association's ("Bar Association") and Louisiana Attorney

Disciplinary Board's ("Board") (collectively, "Defendants") motions

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT RULE
47.5.4.

to dismiss.[1]  Specifically, Riley argues that the district court erred in holding that: (1) the Eleventh Amendment barred Riley's claims for monetary damages against the Bar Association and the Board,[2] and (2) it lacked jurisdiction to hear Riley's claims under the <u>Rooker-Feldman</u> doctrine.  We decline to reach the Eleventh Amendment issues.  However, we agree with the district court that the <u>Rooker-Feldman</u> doctrine deprives it of jurisdiction to hear any of Riley's claims.  We therefore AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2003, Riley sought readmission to the Louisiana State Bar Association for the third time.  The Louisiana Supreme Court denied Riley's application for readmission on November 19, 2004.  <u>In re Riley</u>, 887 So. 2d 459 (La. 2004), *reconsideration denied*, 898 So. 2d 1286 (La. 2005).  In response, Riley requested reconsideration of that decision, which the Louisiana Supreme Court denied.  Riley then petitioned the United States Supreme Court for a writ of

---

[1] The Bar Association and the Board filed separate motions to dismiss and the district court issued separate orders granting those motions.

[2] In its order granting the Board's motion to dismiss, the district court held that the Board had Eleventh Amendment immunity against "[Riley's] claims against the Board." App. at 17.  In its subsequent order granting the Bar Association's motion to dismiss, the district court restricted the broad language of its prior holding.  The district court held that the Board had Eleventh Amendment immunity with respect to claims for monetary damages, but not for claims for declaratory or injunctive relief.  <u>Id.</u> at 27 n.8.

2

certiorari, which was also denied.

Despite these setbacks, Riley remained undeterred. On June 20, 2005, Riley filed a complaint in the United States District Court for the Eastern District of Louisiana against the Bar Association and the Board, alleging violations of the Fourteenth Amendment due process and equal protection clauses in addition to 42 U.S.C. §§ 1981, 1983, and 1988 *et seq*. Riley alleges that the Board libeled him by submitting recommendations to the Louisiana Supreme Court which stated that Riley had not completed all court-ordered restitution. COMPL. ¶ XXI. Riley contends that the Louisiana Supreme Court denied his application for readmission because of the allegedly false claims in the Board's recommendations. Id. ¶ XXV. Riley further contends that the Bar Association and the Board treat black applicants for readmission differently than they treat white applicants. Id. ¶¶ XXXIX-XXXXIV. The complaint seeks both injunctive relief and monetary damages.

The Bar Association and the Board filed separate motions to dismiss under Rule 12(b)(6). In separate orders, the district court granted both motions for substantially the same reasons. Riley now appeals those orders.

## II. JURISDICTION AND STANDARD OF REVIEW

Riley appeals the district court's orders granting Defendants' motions to dismiss, so this court has jurisdiction to hear the appeal under 28 U.S.C. § 1291.

3

This court reviews a Rule 12(b)(6) motion to dismiss de novo. <u>United States v. Willard</u>, 336 F.3d 375, 379 (5th Cir. 2003). We must accept all well-pleaded facts as true and review the complaint in the light most favorable to the plaintiff. <u>Id.</u> We may dismiss a claim if the plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief. <u>Id.</u>

### III. DISCUSSION

The district court determined that Riley was not entitled to relief because the Eleventh Amendment and the <u>Rooker-Feldman</u> doctrine barred Riley's claims against the Defendants. The district court held that Eleventh Amendment immunity shielded the Defendants from suit for monetary damages. Further, the district court held that, under the <u>Rooker-Feldman</u> doctrine, it lacked jurisdiction over all of Riley's claims, including those for declaratory and injunctive relief. Because, under the <u>Rooker-Feldman</u> doctrine, we may legitimately decide this case exclusively on jurisdictional grounds, we decline to reach any Eleventh Amendment issues.[3]

The <u>Rooker-Feldman</u> doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. <u>Liedtke v. State Bar of Tex.</u>, 18 F.3d 315, 317 (5th 1994). State courts should resolve constitutional questions arising

---

[3] In declining to resolve any Eleventh Amendment issues, we follow the well-established canon that courts should avoid addressing constitutional questions when possible. <u>United States v. Lipscomb</u>, 299 F.3d 303, 359 (5th Cir. 2002). This court should not decide questions of a constitutional nature "unless absolutely necessary to decide the case." <u>Id.</u>

4

from state proceedings. Id. "If a state trial court errs[,] the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." Id. "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the Rooker-Feldman doctrine by casting a complaint as a civil rights violation. Liedtke, 18 F.3d at 317. Finally, Rooker-Feldman bars federal claims which, while not identical to, are "inextricably intertwined" with state court judgments. Id. at 318.

Riley argues that Rooker-Feldman does not apply to his case. Instead, he contends that his complaint states a separate cause of action unrelated to his application for readmission to the bar. Riley cites to our decisions in Davis v. Baylis, 70 F.3d 367 (5th Cir. 1995), and Guathier v. Continental Dining Services, Inc., 831 F.2d 559, 561 (5th Cir. 1987), for the proposition that Rooker-Feldman does not bar an action in federal court if the same action would be allowed in the state court of the rendering state.

Riley's arguments are unavailing. Riley attempts to frame the alleged violations of his civil rights as original claims, but they

arise from, and exist only because of, the Louisiana Supreme Court's denial of his application for readmission. Although, in his briefings, Riley strenuously maintains that he does not wish to challenge the denial of his application for readmission, his complaint suggests otherwise. His complaint states "[t]he denial of Plaintiff's application for readmission, by the Supreme Court of Louisiana, on November 19, 2004, is a denial of due process and equal protection afforded to the Plaintiff, as a black person, under the United States Constitution . . . ." COMPL. ¶ XXVI. Contrary to Riley's briefings, these words do not indicate an original cause of action unrelated to his application for readmission.

Even if Riley's complaint is not a direct challenge to the denial of his application for readmission, his complaint falls under the aegis of Rooker-Feldman because it raises issues "inextricably intertwined" with a state court judgment, such that the district court was "in essence being called upon to review the state-court decision." Shepard, 23 F.3d at 924. Riley's case is materially indistinguishable from Liedtke, in which we applied Rooker-Feldman because the federal claim was "inextricably intertwined" with a previous state court judgment. In Liedtke, the appellant filed a § 1983 suit challenging the constitutionality of the events that led to his disbarment. 18 F.3d at 316. In that case, we held that Rooker-Feldman prevented the appellant from challenging those events in federal court because they were "inextricably intertwined" with the state court judgment disbarring him. Id. at 318. Similarly,

in this case, Riley argues that the events leading to the denial of his application for readmission--for example, the Board allegedly submitting a knowingly libelous recommendation to the Louisiana Supreme Court--resulted in unconstitutional violations of his civil rights. These events are "inextricably intertwined" with the Louisiana Supreme Court's denial of Riley's application for readmission. Cf. Liedtke, 18 F.3d at 316. Therefore, under Rooker-Feldman, the district court did not have jurisdiction to hear any of Riley's claims.

If the readmission process did result in violations of Riley's civil rights, then he should have raised those issues before the Louisiana Supreme Court. See Musslewhite v. State Bar of Tex., 32 F.3d 942, 946 n.15 (5th Cir. 1994) (noting that federal courts lack jurisdiction over claims that could have been, but were not raised in state court). Riley exhausted his recourse at the federal level when the United States Supreme Court denied his petition for a writ of certiorari. Under Rooker-Feldman, the district court lacked jurisdiction over Riley's claims and properly dismissed his suit.

## IV. CONCLUSION

For the reasons stated above, we AFFIRM the orders of the district court.

AFFIRMED.