# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2010

No. 10-30313
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL J. RILEY, SR.,

Plaintiff-Appellant,

v.

LOUISIANA STATE BAR ASSOCIATION; LOUISIANA ATTORNEY
DISCIPLINARY BOARD; OFFICE OF DISCIPLINARY COUNSEL FOR
THE LOUISIANA ATTORNEY DISCIPLINARY BOARD,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana,
USDC No. 2:09-CV-07710

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael J. Riley appeals the district court's decision to dismiss his claims for lack of subject matter jurisdiction. We agree with the district court that the *Rooker-Feldman* doctrine deprives the court of jurisdiction to hear Riley's claims, and accordingly, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30313

## FACTUAL AND PROCEDURAL BACKGROUND

We begin by noting that this is not the first time Riley has asked this Court to collaterally review a final judgment of the Louisiana Supreme Court.

Riley was disbarred from the Louisiana State Bar in 1987. After twice seeking readmission unsuccessfully, he sought readmission for the third time in 2003. On November 19, 2004, the Louisiana Supreme Court denied his application for readmission. Riley then sued the Louisiana State Bar Association ("LSBA") and the Louisiana Attorney Disciplinary Board ("LADB") in United States District Court, for the Eastern District of Louisiana in what became *Riley I*. In *Riley I*, Riley claimed that he was denied readmission in violation of his civil rights, the Due Process Clause and the Equal Protection Clause under the Fourteenth Amendment. The district court found, in part, that under the *Rooker-Feldman* doctrine, the court lacked subject matter jurisdiction over Riley's claims which amounted to nothing more than an impermissible collateral attack on the Louisiana Supreme Court's ruling denying Riley readmission to the Louisiana State Bar. Riley appealed the district court's decision in *Riley I* to this Court, and we affirmed the district court's dismissal for lack of subject matter jurisdiction. *See Riley v. Louisiana State Bar Ass'n*, 214 Fed.Appx. 456 (5th Cir. 2007).

We now find ourselves presented with *Riley II*. On June 17, 2009, Riley again moved for readmission to the LSBA. On August 19, 2009, he received a letter from the LADB's Office of Disciplinary Counsel ("ODC"), concerning allegations of misconduct from when Riley was employed by FEMA in 2006-07. The LADB then granted a stay of Riley's June 2009 readmission application, in order to pursue the disciplinary investigation concerning Riley's alleged misconduct during his tenure with FEMA.

On December 10, 2009, Riley received a notice of sworn statement demand from the ODC. The next day, Riley filed an application for emergency writ,

2

No. 10-30313

Objection, and Motion for Relief from the notice of sworn statement with the Louisiana Supreme Court. On December 14, the Louisiana Supreme Court denied Riley's application for relief from the notice to give sworn statement. Two days later, on December 16, Riley filed the instant action in federal district court, once again against the LSBA and LADB, asserting that the application of Louisiana Supreme Court Rule XIX(6)(A) to him, as it applies to his conduct that he deems "unrelated to the practice of law" following the termination of his membership, amounts to an unconstitutional denial of his First and Fourteenth Amendment rights afforded by the U.S. Constitution and 42 U.S.C. §§ 1983, 1985, and 1988.[1]

On February 3, 2010, the district court granted the Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction. In doing so, the district court found that, just as this Court had already explained in *Riley I*, the *Rooker-Feldman* doctrine applies to subsequent suits that are "inextricably intertwined" with a final state court judgment–thus barring the district court's subject matter jurisdiction over Riley's claims. The district court dismissed Riley's claims with prejudice, and the instant appeal followed.

## ANALYSIS

"We review a ruling on a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction *de novo*." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010). "The party asserting jurisdiction bears the burden of proof." *Id.*

We note that in the three and one-half years since we issued our decision in *Riley I*, the law in this Circuit regarding the *Rooker-Feldman* doctrine has not

---

[1] On December 30, 2009, Riley filed an Amended Complaint, challenging the issuance of a subpoena in the disciplinary investigation, and adding a claim under the Fourth Amendment.

changed, evolved, or dissipated.[2]   Thus, in *Riley I*, we explained that "[t]he *Rooker-Feldma*n doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Riley I*, 214 Fed.Appx. at 458 (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).  This is because "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts." *Liedtke*, 18 F.3d at 317.  Our decision in *Liedtke* advises individuals like Riley that:

> [i]f a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court. The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation[,] federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.

*Id.* (internal citations, quotation marks, and brackets omitted).

Accordingly, if Riley feels that the Louisiana Supreme Court's decision not to grant his emergency relief and enjoin the LSBA from completing their disciplinary investigation constitutes a violation of his constitutional rights, Riley's recourse is with the United States Supreme Court–not the federal district court in the Eastern District of Louisiana.  *See id.*  Riley's "request for . . . injunctive relief, stripped to essentials, is an attack on the judgment of the state district court.  His . . . suit, which arises from the state proceeding, is 'inextricably intertwined' with that judgment."  *Id.* at 318 (citation omitted).

Thus, for the same reasons we iterated in *Riley I*, we once again conclude that "[u]nder *Rooker-Feldman*, the district court lacked jurisdiction over Riley's claims and properly dismissed his suit." *Riley I*, 214 Fed.Appx. at 459.

---

[2] The *Rooker-Feldman* doctrine refers to the doctrine derived from two Supreme Court cases, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

No. 10-30313

## CONCLUSION

For the aforementioned reasons, we AFFIRM the judgment of the district court.[3]

---

[3] In affirming the district court, we also recognize the sagacity in Judge McNamara's warning to Riley "that if he files any further pleadings barred by the *Rooker-Feldman* doctrine, his multiplication of proceedings may well be deemed 'unreasonable' and 'vexatious' to warrant the imposition of sanctions."