United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10543
Conference Calendar

_____

STEPHEN JAMES LARREW,

                                        Plaintiff-Appellant,

versus

GEORGE M. BARNES, an individual; JOHN A. BEAUDUY,
an individual; PATRICIA DIAZ-HARTLINE, an individual;
JOHN CORNYN, an individual; SCOTT A. MCMICHAEL, an individual;
SOLOMON CASSEB, JR., an individual; BRENDA G. GREEN, an
individual; GEORGE R. COLLINS, an individual; DON KOONS,
an individual; THEO BEDARD, an individual; DEE MILLER,
an individual; MARIA N. STEIGENBERGER, an individual;
AMERICAN BAR ASSOCIATION, an association headquartered
in Illinois operating in Texas ex rel Robert E. Hirshon,
President; STATE BAR OF TEXAS, an association headquartered
in the State of Texas operating in Texas ex rel Tony Alverado,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-01585
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Stephen James Larrew filed an action under the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.

§ 1961 et seq., accusing various state court judges, family court

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

masters, the attorney general and his assistants, the attorney who represented his ex-wife in their divorce proceedings and ensuing litigation, the State Bar of Texas ("SBT"), and the American Bar Association ("ABA") of fraudulently depriving him of his money and his business. Finding that Larrew's RICO claim was inextricably intertwined with his claim alleging that his divorce decree was invalid, the district court dismissed the action for lack of subject matter under the Rooker-Feldman[**] doctrine. Larrew's motion for disqualification of the judges of this court based on their alleged membership in the ABA is DENIED. See In re City of Houston, 745 F.2d 925, 929 n.8 (5th Cir. 1984).

In his opening brief on appeal, Larrew argues only that the district court erroneously dismissed the ABA as a party defendant because he had not properly and timely effected service of process. By failing to brief the issue whether the district court correctly dismissed his action under the Rooker-Feldman doctrine, Larrew has abandoned that issue. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Thus, the judgment of the

---

[**] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

district court dismissing Larrew's RICO action is AFFIRMED.

We GRANT the SBT's motion and award the SBT its reasonable costs expended on this appeal. FED. R. APP. P. 39(a)(2). The SBT is directed to file a verified bill of costs and an affidavit of reasonable expenses with the Clerk of Court within 14 days after entry of judgment. See FED. R. APP. P. 39.

MOTION FOR DISQUALIFICATION DENIED; JUDGMENT AFFIRMED; APPELLEE DIRECTED TO FILE BILL OF COSTS AND AFFIDAVIT OF REASONABLE EXPENSES.