United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

————————————

04-20342
Summary Calendar

————————————

JULIA ANN SOOKMA, Individually, and as Mother
and Next Friend to Katherine E. Sookma, a Minor
Child, and as USA ex rel "Relator,",

Plaintiff-Appellant,

versus

LISA A. MILLARD; DANIEL LEMKUIL; JAMES D. SQUIER; JOHN A.
SOOKMA; DALE STOKES; DANIEL C. KEELE, Attorney, and his
Professional Liability Insurance Carrier; CYNTHIA T. DIGGS,
Attorney, and her Professional Liability Insurance Carrier; THE
LAW FIRM OF HOLMES, WOODS & DIGGS, and its Professional Liability
Insurance Carrier; DONNA TEEL; JILL TOKUMOTO, and CPS Employees;
BETTY HABLE; LORETTA PATTERSON; MALEETA WATSON; DEBORAH EMERSON;
ARLENE OLIVER; DAPHNE CAMBELL, and their Texas State Bond of
Insurance; ROBERT HOLMES, JR.; D. KAY WOODS; FRANCES MILLARD;
BONNIE ZENDEJAS; KANITHA SOREL,

Defendants-Appellees.

————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(4:02-CV-4911)

————————————————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Julia Ann Sookma appeals, *pro se*, the dismissal of her

complaint, claiming defendants conspired with each other and state

————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court judges presiding over divorce and custody proceedings between Sookma and her ex-husband John Sookma to deprive her of various civil rights. Sookma sought damages and to enjoin defendants from enforcing the state court divorce decree.

Under the *Rooker-Feldman* doctrine, the district court dismissed this action as a collateral attack on the state court decree. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The district court also determined Sookma's service of process was defective and, for various reasons, dismissal was appropriate on the merits of her claims.

We review *de novo* a dismissal for lack of subject matter jurisdiction. *E.g., Musslewhite v. State Bar of Tex.,* 32 F.3d 942, 945 (5th Cir. 1994), *cert. denied*, 515 U.S. 1103 (1995). We also review *de novo* a Rule 12(b)(6) motion to dismiss being granted for failure to state a claim upon which relief could be granted. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

Sookma asserts conclusionally that the district court applied *Rooker-Feldman* erroneously. Based on our review of the record and briefs, the district court did not err in applying this doctrine, in the light of the Supreme Court's recent decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp*. 125 S. Ct. 1517, 1521-22 (2005) (applying the *Rooker-Feldman* doctrine and confining it to

2

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *see* **Liedtke v. State Bar of Texas**, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 513 U.S. 906 (1994). In any event, Sookma has failed to address the alternate bases for dismissal, including defective service of process, issues of absolute and qualified immunity, and failure to state a claim. By failing to brief these issues, Sookma has abandoned them; it is the same as if she had not appealed the judgment. *See* **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993); **Brinkmann v. Dallas County Deputy Sheriff Abner**, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9).

The appeal is without arguable merit and is frivolous. *See* **Howard v. King**, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is **DISMISSED**. *See* 5TH CIR. R. 42.2.

**DISMISSED**

3