# United States Court of Appeals for the Fifth Circuit

---

No. 22-10760
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2022

Lyle W. Cayce
Clerk

TODD MICHAEL TOMASELLA, ON BEHALF OF THE ESTATE OF TODD MICHAEL TOMASELLA,

*Plaintiff—Appellant*,

*versus*

KAUFMAN COUNTY CHILD SUPPORT; RUTH BLAKE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-476

---

Before DAVIS, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Plaintiff-Appellant Todd Michael Tomasella, proceeding *pro se*, appeals the district court's judgment[1] dismissing of his civil rights complaint

---

* This opinion is not designated for publication. *See* 5TH CIRCUIT RULE 47.5.

[1] The district court issued two judgments in this case. The first judgment dismissed Plaintiff's claims against Defendants Casey Blair, Bryan Beavers, Rhonda Hughey, and Warren Kenneth Paxton. The second judgment dismissed Plaintiff's claims against Defendants Ruth Blake and Kaufman County Child Support. On appeal, Plaintiff

No. 22-10760

against multiple state officials and agencies in connection with his child support proceedings.  For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

Tomasella appeals the district court's dismissal of his civil rights complaint wherein he alleges that Defendants-Appellees violated the Racketeer Influence and Corrupt Organizations Act (RICO), as well as his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. Tomasella also brings state law claims for invasion of privacy, false arrest, false imprisonment, intentional infliction of emotional distress, malicious prosecution, tortious interference, and civil conspiracy.  Plaintiff asserts these claims against the following Defendants in their individual capacities: (1) Warren Kenneth Paxton, the Texas Attorney General; (2) Judge Casey Blair, a state court judge; (3) Bryan Beavers, the Sheriff of Kaufman County; and (4) Rhonda Hughey, the Kaufman County District Clerk.

Tomasella's filed his complaint in federal district court following his unsuccessful state court proceedings in which the state court ordered him to pay child support.  Specifically, Tomasella contends that he was ordered to make "unlawful" child support payments and was "falsely arrested and incarcerated" after Judge Blair found him in contempt for failing to timely make those payments.  In support of his claims, Tomasella points to a Texas appellate court decision which vacated his sentence for criminal contempt on

---

continues to name as defendants both Ruth Blake and Kaufman County Child Support, but does not argue that the district court erred in dismissing them in its second judgment.  Pro se briefs are afforded liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but pro se litigants are not exempt "from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam).  Because Tomasella does not sufficiently challenge the district court's second judgment dismissing Ruth Blake and Kaufman County Child Support, we deem his claims against these Defendants abandoned and accordingly do not address them.

the grounds that, because he was "sentenced to more than six months in jail, he was entitled to a trial by jury."

Defendants moved to dismiss Tomasella's claims, asserting that the district court lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine,[2] and that he failed to state claims upon which relief can be granted. The district court dismissed Tomasella's claims for invasion of privacy, intentional infliction of emotional distress, tortious interference, civil conspiracy, and malicious prosecution (collectively, Plaintiff's "state-law claims") for lack of subject-matter jurisdiction under *Rooker-Feldman*. The court also dismissed Tomasella's 42 U.S.C. § 1983 claim for violation of his First Amendment rights and his RICO claim for lack of subject-matter jurisdiction. The district court denied Defendants' Rule 12(b)(1) motion as to Tomasella's § 1983 claims for violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights, and his false arrest and false imprisonment claims,[3] but granted Defendants' Rule 12(b)(6) motion as to these claims. Tomasella timely appealed.

## II. DISCUSSION

### A. Lack of Subject-Matter Jurisdiction

On appeal, Tomasella argues that the *Rooker-Feldman* doctrine is not applicable to his state law, RICO, and First Amendment claims because he

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] The Magistrate Judge noted that to the extent Tomasella's false arrest and imprisonment claims are "related to the civil contempt proceedings, he seeks an impermissible review of the validity of the state court judgment," but that to the extent he seeks damages for his "alleged injury based on the vacated criminal contempt portion of a state court order that resulted in his imprisonment for more than six months without a jury trial, [these] claims can be reviewed without calling [into question] the validity of the state court's determination."

No. 22-10760

was a "State Court winner"[4] and is not asking for relief from a state court order. We disagree.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to consider cases where: (1) the federal court plaintiff lost in state court; (2) the plaintiff's alleged injuries were caused by the state court judgment; (3) plaintiff's claims invite the federal court to review and reject the state court judgment; and (4) the state court judgment was rendered before plaintiff filed proceedings in federal district court.[5] "[I]n addition to the precise claims presented to the state court, *Rooker-Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision."[6] We have previously held that "issues are 'inextricably intertwined' when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule."[7]

Here, Tomasella's state-law claims center on his allegation that Defendants conspired to maliciously prosecute him "even when he timely paid child support." He contends that Defendants' "malice and disdain" is underscored by their continued "unlawful[] stalking" in an effort to force

---

[4] Plaintiff is incorrect that he was the "winner" in his state court proceedings. Although the state appellate court vacated Tomasella's sentence for criminal contempt, the appellate court's order specifically noted that it did "not disturb the trial court's findings or sentence related to civil contempt." Accordingly, Tomasella did not prevail on his challenge to his two arrests related to his civil contempt proceedings for failure to make timely child support payments.

[5] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

[6] *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384-85 (5th Cir. 2017) (citation omitted).

[7] *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 351 (5th Cir. 2003) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

him "to pay them approximately twice as much child [support] as he should have ever been charged." Tomasella further asserts that his child support obligation has "compelled [him] to be a customer of the [Child Support Division] CSD against his will," which has caused him "a great deal of emotional stress, significant financial losses, as well as damages to his reputation." These factual allegations and alleged injuries[8] all stem from Tomasella's challenge to the state court's child support judgment and Defendants' efforts to enforce that judgment. Thus, because Tomasella's state-law tort claims are "inextricably intertwined" with the validity of the state court's child support judgment, the district court correctly held that it lacked subject-matter jurisdiction over his state-law claims.[9]

The district court also correctly held that the *Rooker-Feldman* doctrine bars Tomasella's RICO and § 1983 First Amendment claims. Although the district court noted that Tomasella failed to allege a "pattern of racketeering activity," it liberally construed Tomasella's assertion that "CSD is a for-profit business" that gains "substantial profits" from compelling individuals to be "customers" as an alleged pattern of racketeering activity. Assuming

---

[8] *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) (noting that one of the "hallmark[s] of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury" (citing *Exxon*, 544 U.S. at 284)).

[9] *See Glatzer v. Chase Manhattan Bank*, 108 F. App'x 204, 205 (5th Cir. 2004) (per curiam) (unpublished) (affirming the district court's dismissal for lack of jurisdiction of plaintiff's claims that defendants "conspired to deprive him of his parental rights" and "improperly seized his assets"); *Sookman v. Millard*, 151 F. App'x 299, 300 (5th Cir. 2005) (per curiam) (unpublished) (affirming the district court's holding that it lacked jurisdiction under *Rooker-Feldman* to hear plaintiff's claim that "defendants conspired with each other and state court judges presiding over divorce and custody proceedings between [plaintiff] and her ex-husband . . . to deprive her of various civil rights"). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006). We cited both *Glatzer* and *Sookman* with approval in *Truong*, 717 F.3d at 373 n.3.

that Tomasella has stated a RICO claim,[10] we find that it is barred by the *Rooker-Feldman* doctrine because his alleged injury is the state court's child support judgment.[11]   And for the same reason, Tomasella's First Amendment claim—that he was forced to be a "customer" of the CSD in violation of his right to freedom of association—is similarly barred under *Rooker-Feldman*.

Accordingly, the district court committed no error in granting Defendants' Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction Tomasella's state-law tort claims, as well as his RICO and First Amendment claims.

## B. Failure to State a Claim

Tomasella also challenges the district court's dismissal of his false arrest and imprisonment claims and his § 1983 claims for alleged violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights.

As to Tomasella's claims against the state court judge, we agree with the district court that Tomasella cannot overcome the hurdle of judicial immunity.  On appeal, he contends that Judge Blair is not entitled to judicial immunity because he "lost his jurisdiction" by entering an "illegal order." Tomasella's argument is without merit.  Although Tomasella is correct that a judge is not immune from liability for actions "taken in the complete

---

[10] This Court has previously held that dismissal is appropriate when appellants have asserted no facts that would support a pattern of racketeering activity. *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).

[11] *See Larrew v. Barnes*, No. 02-1585, 2003 WL 21458754 (N.D. Tex. May 7, 2003), *aff'd* 87 F. App'x 407, 408 (5th Cir. 2004) (per curiam) (unpublished) (noting that the district court held that plaintiff's "RICO claim was inextricably intertwined with his claim alleging that his divorce decree was invalid").

absence of all jurisdiction,"[12] he is incorrect that the fact Judge Blair's criminal contempt order was ultimately vacated in part on appeal means that he lacked jurisdiction to enter such an order. As explained by the Supreme Court, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[13] Accordingly, Judge Blair did not lose his judicial immunity for issuing an order that was ultimately reversed in part on appeal.

Likewise, the district court did not err in dismissing Tomasella's claims against the Attorney General, Sheriff, and Clerk for failure to state a claim. "In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."[14] Moreover, a defendant cannot be held liable under § 1983 under a theory of respondeat superior.[15] Tomasella's conclusory assertions that the Sheriff and Clerk continued his "illegal incarceration," and that the Office of the Attorney General failed to provide him with an attorney and jury trial, are insufficient to tie his civil rights claims to the specific actions of these Defendants. Accordingly, Tomasella's claims

---

[12] *Mireles v. Waco*, 502 U.S. 9, 13 (1991).

[13] *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)); *see also Adams v. Mcllhany*, 764 F.2d 294, 298-99 (5th Cir. 1985) (finding that a state criminal court judge had "some subject-matter jurisdiction," and thus maintained his judicial immunity, even though the judge improperly imprisoned the plaintiff for "constructive contempt" and sentenced her to thirty days in jail).

[14] *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).

[15] *Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir. 1999).

against the Attorney General, Sheriff, and Clerk in their individual capacities were properly dismissed.

For these reasons and those outlined in the detailed, careful Report and Recommendation issued by the Magistrate Judge and adopted by the district court, the judgment is AFFIRMED.